## THORN & HUNKINS LIME & CEMENT COMPANY v. CITIZENS BANK OF ST. LOUIS, Appellant, et al.

### Division One, November 12, 1900.

1. **Action at Law: EQUITABLE RELIEF.** The rule that equity will not grant relief where there is an adequate remedy at law, applies only when on the case stated there is a legal remedy. The fact that a plaintiff may have a remedy by suit at law against a third person (for instance, by an action against a contractor's bondsmen), is no ground for refusing relief in an equitable action against defendant.

2. ———: **SEWER CONTRACT: SUIT ON BOND.** The plaintiff furnished cement and other materials for the construction of a sewer to a contractor on the faith of his contract with the city, by which he

agreed that the city might retain 15 per cent of the contract price until all materials were paid for. The contractor also gave bond for the faithful performance of the contract, stipulating that any one holding an unsatisfied bill for materials furnished might sue thereon and have satisfaction. *Held*, that the plaintiff is not remitted to a suit on the bond, but has the right to maintain a suit in equity to have the fund in the hands of the city appropriated to the uses to which it was designated by the contract, and such right can be established only in a court of equity.

3. ———: ———: ———: BY WHOM MAINTAINED: ASSIGNEE: JUDGMENT CREDITOR. The assignee of the contractor in such case, or his judgment creditor, can not maintain such suit, for he has only the right to the fund that the contractor would have, but the materialman has a right superior to and in spite of the contractor.

4. ———: ———: ———: PENDING SUIT ON BOND. Nor is the materialman's right to maintain such equitable suit affected by the fact that at the time such cause is tried there was pending a suit by him on the bond.

5. **Sewer Contract:** PAYMENTS TO MATERIALMAN: APPLICATION. It is the privilege of the debtor to direct the application of payments made by him, but if he does not do so, the creditor has the right to apply them as he pleases. So where a contractor was indebted to a materialman in his individual name, and then formed a company, which absorbed his business and assumed all his liabilities, and the materialman was notified of the fact and carried forward the individual debt into his account against the construction company, which had made a contract for constructing a city sewer, for which the materialman furnished the cement and other materials, and payments were made to him from time to time without any direction as to their application, he can apply them as he wishes, and in a suit by the materialman to subject to the payment of his account the funds in the hands of the city due the construction company under its contract, no judgment creditor, or assignee of the company's interest in the fund, can be heard to complain that the materialman applied the payments to the discharge of the individual debt.

6. ———: REBATE FOR DELAY: LIQUIDATED DAMAGES. Where a contract provides that the completion of a sewer within a given time is an essential consideration, and authorizes the city to retain a certain sum for each day its completion is delayed beyond the limit, and the amount agreed upon is reasonable, the condition will be upheld as an agreement for liquidated damages.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty*, Judge.

AFFIRMED.

*Valle Reyburn* for appellant.

(1) Plaintiff, the Thorn & Hunkins Lime and Cement company, had a full and plenary remedy at law, by prosecuting its action begun and pending against the Lyons Construction company and its surety upon the bond incorporated in the sewer contract for the protection of parties supplying materials for the construction of the sewer. (2) The doctrine of application of payments invoked by the plaintiff in the trial court is not pertinent and does not embrace the issues herein presented, and does not apply to the facts herein confessedly existing. (3) The penalty of $5 per day demanded by the city for 130 days and allowed by the court in its modification of the original decree, should not be sustained.

*W. E. Fisse* for respondent.

(1) Plaintiff is entitled to maintain this action. There was no need to first procure judgment at law against the Lyons Construction Company because this suit is not a creditor's bill, nor a suit to fasten a general demand upon equitable assets; but is an action to enforce rights acquired by plaintiff under the contract between the construction company and the city. Luthy v. Woods, 6 Mo. App. 67; City v. Keane, 27 Mo. 642; City v. O'Neil Lumber Co., 114 Mo. 74; City v. Von Phul, 133 Mo. 561. (2) Plaintiff having two remedies was entitled to pursue both at the same time. Only recovery through the one bars proceedings to assert the

other remedy. Hence the mere institution of an action on the contractor's bond was no bar to the prosecution of this suit. (3) This action might well be brought at the same time with an action on the bond; and should properly be prosecuted first to judgment, because the sureties bound by the bond are entitled to have the moneys payable under the contract applied in reduction of the debt for which they are bound. (4) The unity of Patrick Lyons and the Lyons Construction Company in all transactions with the plaintiff was established by the testimony. Therefore plaintiff was entitled to treat the entire indebtedness as wholly owing by the company, and, in the absence of other direction from the company, payments received must be applied to the satisfaction of the oldest and most precarious items of the debt. (5) The right of the city to make any deduction from the contract price because of delay in completing the sewer is a question outside of this appeal. At any rate the judgment of the court must be in this respect sustained for lack of evidence to impeach it, and also for the want of any exception by the appellant.

*B. Schnurmacher* and *Chas. Claflin Allen* for the city of St. Louis.

(1) The sum of $530 which was deducted by the sewer commissioner under the terms of the contract, in making up the final estimate, was properly deducted. That is to say, the total amount which the court could find as being in the hands of the city of St. Louis, due the Lyons Construction Company, should not be the sum of $5,522.59, but at most can only be that sum less the $530 deducted for overtime; that is to say, $4,992.59. (1) The sum of five dollars per day to be deducted for overtime under the contract was liquidated damages. Morse v. Rathburn, 42 Mo. 594; Cochran v. Railroad, 113 Mo. 359; May v. Crawford, 142

Mo. 390; Leavel v. Porter, 52 Mo. App. 632. (2) Under the contract the sewer commissioner was made an arbitrator whose decision as to all questions relative to the execution of the contract, and whose estimates, were final and conclusive. Williams v. Railroad, 112 Mo. 463; Chapman v. Railroad, 114 Mo. 542; Neenan v. Donoghue, 50 Mo. 493; Dinsmore v. Livingston Co., 60 Mo. 244; Kihlberg v. U. S., 97 U. S. 398.

VALLIANT, J.—This is a suit in equity to subject a fund reserved in the treasury of the defendant city of St. Louis to the payment of the plaintiff's claim against a city contractor in preference to the claim of the defendant, the Citizens Bank, which is a judgment creditor and assignee of the contractor. The defendants are the Citizens Bank, which is the sole appellant, the Lyons Construction Company and the city of St. Louis.

The facts out of which the controversy arises are as follows: In December, 1895, the city let a contract to the Lyons Construction Company for the building of a public sewer. The contract and specifications are quite elaborate in their provisions and details, but it will be necessary to mention only two of the provisions as determining the rights of the parties to this suit. It was provided in effect that upon the completion of the work if the contractor had not paid for all the labor and materials used the city might retain fifteen per cent of the contract price until such payments should be made. It was also stipulated that the work was to be completed within a defined period, that the completion within that period was an essential consideration in the contract, and if the contractor failed in that respect the city should deduct from the contract price five dollars for each day the completion was delayed beyond that period.

In view of this contract and during the construction of the sewer the plaintiff sold and delivered to the Lyons Con-

struction Company the cement used in the construction to the amount of $4,870.33, of which, if the plaintiff's appropriations of payments made from time to time by the construction company are to be held valid, there remained unpaid at the institution of this suit $2,935.33.

Prior to the transactions arising out of this contract the plaintiff had had similar dealings with Patrick Lyons, who was a contractor of that kind of work on his individual account and who was then indebted to plaintiff on such account to the amount of $2,150. Just about the date of the contract in question the Lyons Construction Company was incorporated and the business of Patrick Lyons was merged into it, the corporation taking his assets and assuming his liabilities. The plaintiff was informed of this condition when the Lyons Construction Company made application to it to furnish the cement for this contract. While it was engaged in building this sewer the Lyons Construction Company had other similar jobs on hand and the plaintiff furnished the cement for those jobs. When the plaintiff opened its account with the Lyons Construction Company it carried into it as the first item of debit the balance due from Patrick Lyons and charged thereafter, in the order of their occurrence, the items of cement furnished the construction company on its various jobs. During the progress of the work on the contract in question the construction company from time to time made payments to plaintiff without specifying on what account they were to be applied, and the plaintiff applied them first to the extinguishment of the individual debt of Patrick Lyons brought into the corporation account as above stated, and to other items of the account, and the balance towards the payment of the account for cement furnished under this contract. In the written proposal of the plaintiff for the furnishing of the cement under this contract, which embodies the agreement between the plaintiff and the construction company, it is stipulated: "All cement

delivered and accepted in one month to be paid for between the 5th and 15th of the following month." Monthly payments were made by the construction company, but not directed to any particular account, nor as in payment of any particular bill. If the plaintiff was not entitled to credit the payments in the manner it did credit them, then there remains unpaid for the cement furnished under this contract only the sum of $812.82 instead of $2,938.33 as plaintiff claims.

When the construction company entered into the contract with the city it gave a bond with security for $10,000 for its faithful performance, and among the conditions was one to the effect that it would pay all its bills for labor and material, and it stipulated that any one holding an unsatisfied bill for labor or materials furnished might sue on the bond and have satisfaction. The plaintiff had, before it brought this suit, brought suit on that bond to recover the same debt it seeks to have satisfaction for in this proceeding, and that suit is still pending.

In January, 1896, during the construction of the sewer in question the Lyons Construction Company executed a power of attorney to one Farr, who was then the cashier of the Citizens Bank, authorizing him to collect from the city all moneys coming to the construction company under any contracts, and in August in the same year, Farr having resigned as such cashier, the construction company made another power of attorney to the bank, authorizing it to receive all moneys accruing to the construction company from the city. These documents were filed with the city auditor and were executed to secure the bank for loans it had made and continued to make to the construction company during the progress of the work, which loans amounted to about $6,000. In December, 1896, the construction company confessed judgment in favor of the bank for $5,762 in the circuit court of St. Louis, which was the balance then due on those loans and is still unpaid.

The sewer was not completed until 106 days beyond the period it should have been completed by the terms of the contract and the city claimed as liquidated damages $5 a day for such delay and accordingly retained $530 out of the contract price otherwise due the construction company.

The total cost of constructing the sewer was $26,248.14. From this amount the city has reserved the $530 above mentioned, and two items amounting to $3,857.72 to secure the payment of labor and material bills, which, with previous payments, left a balance of $1,134.87 payable to the contractor, making in all $5,522.59 in the city treasury when this suit was begun. The substance of the decree was that the city pay the plaintiff out of the funds reserved the amount of its bill, which, with interest, was adjudged to be $3,120.24, retain the $530 for its claim, and pay the balance of the fund to the Citizens Bank. From this decree the bank prosecutes this appeal.

I. The first point advanced by appellant is that the plaintiff has no right to maintain this suit in equity because it has an adequate remedy at law on the bond executed by the construction company to the city.

The rule that equity will not grant relief where there is an adequate remedy at law applies only when on the case stated there is a legal remedy.

A distinction is to be observed between a case cognizable at law but for which the law has no adequate remedy, and a case that can be adjudicated upon its merits only in a court of equity; in the one the equity court is invoked only for a remedy, in the other for an adjudication of the rights of the parties on the facts. A distinguished writer on this subject would class the one under the head of equity jurisprudence and the other under that of equity jurisdiction. [Pomeroy, Eq. Jur., sec. 131.]

If on the facts stated the case is of a nature cognizable only in a court of equity the plaintiff will not be shut out of

that court on the suggestion that on another state of facts he might recover that which would be equally satisfactory in another tribunal.    If one has a mortgage on certain land for his debt, equity will not refuse to hear his suit for a foreclosure upon the suggestion that his debtor is solvent and the debt can be collected through a judgment and execution at law.    If the right asserted is a subject of original equity jurisdiction the court will entertain it even though there may be a remedy at law.    [Stewart v. Caldwell, 54 Mo. 536; Pratt v. Clark, 57 Mo. 189; Real Estate Sav. Inst. v. Collonious, 63 Mo. 290; Story, Eq. Juris., sec. 80.]    And the fact that a plaintiff may have a remedy by suit at law against a third person, as in this case against the surety on the bond, is no ground for refusing relief in equity.    [Roll v. Smelting Co., 52 Mo. App. 60.]

The right which the plaintiff seeks to establish in this suit is in its nature such as can be established only in a court of equity.    Plaintiff has no legal title to the fund received by the city, but it has, with all others, if there are others similarly situated, a right to have that fund appropriated to the uses to which it was designed by the contract and for which it was received by the city.    This right it derives from the contract between the city and the construction company, the contract on the faith of which the plaintiff extended the credit.    [City of St. Louis v. Von Phul, 133 Mo. 561.]

The Citizens Bank does not come within the class provided for in that contract.    Its right is only through its power of attorney and its judgment; in this aspect it is only an agent, an assignee or a judgment creditor and in either character it has only the rights that the Lyons Construction Company would have to the fund, but the plaintiff as a materialman has a right superior to and in spite of the construction company.

Nor does the fact that a suit by the plaintiff on the bond was pending when this cause was tried affect the plain-

tiff's right to maintain this action. That suit was of a different nature, having a different purpose from this and between other parties.

II. The Lyons Construction Company was indebted to the plaintiff on other accounts than that for the cement furnished for this sewer and the plaintiff appropriated the payments it received upon those other accounts until they were satisfied, and the rest on this account. We do not think there can be any doubt of the plaintiff's right to appropriate the payments in that way.

The evidence showed that the Lyons Construction Company absorbed the business of Patrick Lyons and assumed its liabilities and the plaintiff was notified of this fact when it undertook to furnish the cement to this work. The accounts rendered by plaintiff and accepted by the corporation showed that the account of Patrick Lyons was carried into that of the Lyons Construction Company and by both parties treated as the debt of the corporation. The agreement between plaintiff and the construction company called for monthly payments of the bills, but that stipulation was not complied with, payments were made each month on account, but no particular bill was paid in express terms. It was the privilege of the debtor to direct the appropriation of the payments as they were made, but as this was not done the creditor had the right to appropriate them as it chose, and did so as above stated. [Beck v. Haas, 111 Mo. 264.]

III. The remaining point of which appellant complains is that the decree sustains the claim of the city to retain $5 a day for delay in completing the sewer within the period limited by the contract. The contract was very explicit on this point. The sewer was to be completed within a given time and the parties agreed that the completion within that time was an essential consideration. But the parties foresaw that in the very nature of the case it would be difficult to lay down a rule by which the city's damages could be measured

in case of a breach of the contract in that respect, and in order to avoid the danger of the injustice that might follow in such event, they agreed in advance on the amount of compensation that should be paid for such breach. The amount agreed upon is not apparently unreasonable or disproportionate to what the parties might fairly have presumed the actual damages would be. The trial court rightly construed the clause as an agreement for liquidated damages. [Morse v. Rathburn, 42 Mo. 594; Cochran v. Railroad, 113 Mo. 359; May v. Crawford, 142 Mo. 390.]

We find no error in the record and the judgment is affirmed.

All concur, except *Marshall, J.,* not sitting, having been of counsel.