Clark W. Dunlop, Respondent, *v.* Frederic T. James, Appellant.

Landlord and Tenant — Subrogation — Mortgagee of Leasehold Interest who Pays Rent to Protect his Own Interest in Lease Can Maintain Action Therefor against the Tenant. Where a lease of real estate for twenty-one years, containing a covenant that the lessee and assigns thereof would pay the rent stipulated and taxes assessed upon the premises as they became due during the life of the lease and authorizing the lessor to re-enter the premises in the case of a breach of such covenants, was assigned, subject to a mortgage upon the leasehold interest, to one who neglected to pay ground rent and taxes, which accrued while he was the owner of the lease, although requested so to do

by the mortgagee, the latter may pay such rent and taxes in order to protect his interest in the premises and prevent the lessor from re-entering upon them under the terms of the lease, and, by making such payment, he becomes an equitable assignee of the lessor's claim therefor and is entitled to be subrogated to his rights and to maintain the same action against the leaseholder for the rent and taxes that the lessor could have maintained.

*Dunlop* v. *James*, 70 App. Div. 11, affirmed.

(Argued March 27, 1903; decided April 9, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 25, 1902, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Van Vechten Olcott* and *John P. Everett* for appellant. If the plaintiff is entitled to recover from the defendant under the complaint, such right can only be established in a court of equity. (L. 1890, ch. 475, § 5; *Page* v. *Drake*, 52 Hun, 252; *Townsend* v. *Whitney*, 75 N. Y. 425; 24 Am. & Eng. Ency. of Law [1st ed.], 322.) No privity of contract existed or exists between the plaintiff mortgagee and the defendant, assignee of lessee, and the judgment cannot be sustained. (*Lawrence* v. *Fox*, 20 N. Y. 266; *Burr* v. *Beers*, 24 N. Y. 178; *Thorp* v. *Keokuk*, 46 N. Y. 253; *Dolph* v. *White*, 12 N. Y. 296; *Mygatt* v. *Coe*, 124 N. Y. 220; 152 N. Y. 461; *Geiszler* v. *De Graaf*, 168 N. Y. 339.)

*O. J. Wells* for respondent. The defendant as assignee was liable under the covenants of the lease to pay the rent and taxes to Trinity Church. (Wood on Landl. & Ten. § 348; *Tate* v. *McCormack*, 23 Hun, 218; *White* v. *Lumis*, 27 Hun, 328; *Pardee* v. *Stewart*, 37 Hun, 259; *Sayles* v. *Kerr*, 4 App. Div. 150; *Stewart* v. *L. I. R. R. Co.*, 102 N. Y. 601.) The right of action which Trinity Church, the landlord, has against James, as assignee of the lease, passed by subrogation

and without any assignment to the plaintiff, the plaintiff having paid the amount to protect his interest in the property. (*McKeon* v. *Wendelken*, 25 Misc. Rep. 711; *Platt* v. *Brick*, 35 Hun, 121; *Gans* v. *Thieme*, 93 N. Y. 232; *Louis* v. *Bauer*, 33 App. Div. 287; *Arnold* v. *Green*, 116 N. Y. 571; *Barnes* v. *Mott*, 64 N. Y. 397; Harris on Subrogation, 442; *Alvord* v. *Cobb*, 28 Hun, 22.) The motion to dismiss the complaint was properly denied, and even if the action should have been tried without a jury as an equity case, that question is not before the court on any exception. (*McKeon* v. *Wendelken*, 25 Misc. Rep. 711; Harris on Subrogation, 6; *Alvord* v. *Cobb*, 28 Hun, 22.)

HAIGHT, J. The rector, churchwardens and vestrymen of Trinity Church had leased certain real estate in the city of New York to Peck, Stowe & Wilcox Co. for the term of twenty-one years. The lease contained a covenant to the effect that the lessee and its assigns would pay the rent stipulated and taxes assessed upon the premises as they became due during the life of the lease, and also provided for a re-entry by the lessor in case of a failure to make these payments. By mesne assignments the lease had been acquired by the defendant in this action, who took the same, subject to the covenants, conditions and provisions already mentioned. After acquiring the leasehold premises the defendant, desiring to borrow money thereon, assigned his lease to one Marietta Wilsey, who thereupon borrowed the money desired of the plaintiff, and executed and delivered to him her personal bond, secured by a mortgage upon the leasehold premises for the amount of such loan. Thereupon she reassigned the lease to the defendant James, who took the same, subject to the bond and mortgage, but without agreeing to personally pay or be liable therefor. After the defendant had acquired the lease of the premises, and during the time that he was the owner thereof, ground rent became due to the amount of $1,125.00 and taxes to the amount of $1,362.62. He was requested to pay the same, but, having neglected to do so,

the plaintiff was compelled to and did pay the same, in order to protect his mortgage interest in the premises and prevent the officers of Trinity Church from re-entering the premises under the terms of their lease. Thereupon this action was brought to recover from the defendant the amount paid, and at the close of the trial the learned justice presiding directed a verdict in favor of the plaintiff for the amount of such rent and taxes. The judgment entered upon this verdict has been affirmed by the Appellate Division and is now brought here for review — the appellant claiming that no privity of contract exists between the plaintiff mortgagee and the defendant, the assignee of the lease; and that a common-law action cannot be maintained to recover the amount of rent and taxes paid.

If the plaintiff's claim in this action was based upon privity of contract he might have some difficulty in maintaining his judgment, but such was not his claim. As we have seen, the lessee agreed in the lease to pay the land rent and the taxes as they matured and became due. The defendant took an absolute assignment of the lease and thereby became liable to the lessor to pay the rent and taxes. In the case of *Stewart* v. *Long Island R. R. Co.* (102 N. Y. 601–607), RAPALLO, J., speaking for this court, says: " The rules relating to the effect of an assignment of a lease are so well settled that it is hardly necessary to do more than refer to them. Where a lessee assigns his whole estate without reserving any reversion therein in himself, a privity of estate is at once created between his assignee and the original lessor, and the latter has a right of action directly against the assignee on the covenant to pay rent, or any other covenant in the lease which runs with the land." As we have also seen, the defendant had neglected and refused to pay the rent and taxes that had accrued, and the defendant as mortgagee was compelled to pay the same in order to protect his interest and save the mortgage from being cut off by a re-entry of Trinity Church, as it had the right to do. The taxes having become due, Trinity Church had the right to pay the same, and then maintain an

action at law against the defendant for the amount thereof for the accrued rent. The plaintiff in making the payment was not a mere stranger making a voluntary payment of the debt of another. Instead, he was vitally interested. He had loaned a large sum of money and had taken as a security for its repayment a mortgage upon the leasehold property. He had the right, therefore, to make the payment and protect his interest.

It may readily be conceded that formerly subrogation was considered as purely an equitable remedy, and that it was so held as late as the case of *Ontario Bank* v. *Walker* (1 Hill, 652). But long previous to this courts of law had begun to sustain actions founded on equitable assignments of claims which were cognizable at law, both in England and in this country. In the case of *Sarah J. Weed* (2 Low. 555–562) subrogation is defined as "an equitable assignment, operated by the law itself, when justice requires it; as, for instance, when a surety pays the debt of his principal; * * * or when one having an interest in the property or *res*, or honestly believing himself to have an interest, pays an earlier incumbrance." In modern times courts of law have dealt with subrogation as they would with assignments, and when the right of action to which the plaintiff asks to be subrogated is a legal right of action, a court of law may treat a plaintiff who is entitled in equity to subrogation as an assignee, and allow him to maintain an action of a legal nature upon the right to which he claims to be subrogated. (See notes to *French* v. *Vix*, 30 Abbott's N. C. 158–176.)

In the case of *Cole* v. *Malcolm* (66 N. Y. 363–366), EARL, J., after citing a number of cases, states the rule for the application of the doctrine of subrogation very pointedly, as follows: "It is generally and most frequently applied in cases where the person advancing money to pay the debt of a third party stands in the situation of a surety, or is only secondarily liable for the debt; *but it is also applicable to cases where a party is compelled to pay the debt of a third person to protect his own rights, or to save his own property.*"

In *Cottrell's Appeal* (23 Penn. St. 294), Woodward, J., said: "Subrogation is founded on principles of equity and benevolence, and may be decreed where no contract or privity of any kind exists between parties. Whenever one not a mere volunteer discharges the debt of another, he is entitled to all the remedies which the creditors possessed against the debtor." In *Lidderdale's Exrs.* v. *Robinson's Admr.* (2 Brockenbrough, 159–168), Ch. J. Marshall, said: "Where a person has paid money for which others were responsible, the equitable claim which such payment gives him on those who were so responsible shall be clothed with the legal garb with which the contract he has discharged was invested, and he shall be substituted, to every equitable intent and purpose, in the place of the creditor whose claim he has discharged."

In the case of *Stevens* v. *King* (84 Maine, 291), Peters, Ch. J., said: "Legal subrogation takes effect to its full extent for the benefit of one who being himself a creditor pays the claim of another who has a preference over him by reason of his liens and securities. (Bouv. Law Dict. Subrogation.) It applies to a great variety of cases, and is broad enough to include every instance in which one party pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter; not, however, in the interest of mere volunteers and intermeddlers; nor is it allowed so as to do injury to the rights of others. It ignores the form and looks to the substance. It construes payment to be purchase, and purchase to be payment, as justice may be demanded. It substitutes one person for another, or property for property." (See, also, *Sidenberg* v. *Ely*, 90 N. Y. 257; *Roberts* v. *Ely*, 113 N. Y. 128–131.)

It appears to us that the principles enunciated in these authorities fully sustain the plaintiff's claim, that by making the payment under the circumstances alluded to, he became an equitable assignee of the church's claim against the defendant and entitled to be subrogated to its rights, and to maintain the same action that it could have maintained. This does not

change, alter or enlarge the liability of the defendant in the premises.

The judgment should be affirmed, with costs.

O'Brien, Bartlett and Martin, JJ., concur; Parker, Ch. J., and Gray, J., dissent; Vann, J., not voting.

Judgment affirmed.