RAVED v. KIBBE.

(Supreme Court, Appellate Term. February 4, 1907.)

1. PRINCIPAL AND SURETY—DISCHARGE OF SURETY.
  Where a tenant was not in default in the payment of rent, and not insolvent, when in June, 1904, the surety for the payment of her rent told the landlord that the tenant was insolvent, offered to pay the costs of dispossessing her, and to pay an increased rental for the premises, and, the landlord refused the surety's demand to be subrogated to the landlord's rights to have her dispossessed, the surety was not discharged from liability for the payment of November and December rent, when the tenant defaulted in payment.

2. ESTOPPEL—SILENCE.
  Where a surety for a tenant defended an action for the tenant's failure to pay November and December rent by asserting a notice given the landlord the previous June that the tenant was insolvent, and a demand to be subrogated to the landlord's rights to dispossess her, the landlord was not estopped from denying that the tenant was in default at that time, because he did not specifically deny the surety's allegation that the landlord told her the tenant was in default, where no question was asked calling for such specific denial.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Estoppel, §§ 285, 286.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Israel Raved against Flora D. A. J. Kibbe. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Clarence E. Thornall, for appellant.
Eugene I. Yuells, for respondent.

PER CURIAM. The defendant was surety for the payment of rent by the tenant of plaintiff. The rent for November and December, 1904, was not paid by the tenant, and plaintiff sued defendant for the same. The court below gave judgment for plaintiff. Defendant appeals.

There is a conflict as to the facts, in some particulars, and the court was warranted in accepting the plaintiff's version. There is no dispute, however, as to the lease, the suretyship of defendant, and the default of the tenant for the months of November and December, 1904. It seems that in June, 1904, defendant went to plaintiff, and stated that she believed the tenant to be insolvent, and wished to have her dispossessed. The defendant offered to pay the expenses of the dispossession and to pay an increased rental for the balance of the unexpired term, and demanded to be subrogated to plaintiff's rights to have the tenant, Mrs. Jett, dispossessed from the premises. Plaintiff refused. Defendant claims that she then paid the rent for the month of June under protest. On the other hand, plaintiff and Mrs. Jett swear that the rent for the month of June had been paid by Mrs. Jett, and not by defendant, and plaintiff swears that he told defendant he could not comply with her request, because Mrs. Jett was not in default, and nothing was owing from her. Mrs. Jett had paid the rent on June 1st, according to plaintiff's contention, and defendant made her demand on June 16th or 17th. The rent was payable monthly in advance. There is no evidence that Mrs. Jett had become insolvent in June, 1904.

It is true, as urged by defendant's counsel, that a surety who pays the debt is entitled to be put in the place of the creditor, and is entitled to all the means and every remedy which the creditor possesses to enforce payment from the principal debtor. Hays v. Ward, 4 Johns. Ch. 130; Dunlop v. James, 174 N. Y. 411, 67 N. E. 60. Also it has been held, as pointed out by appellant's counsel, that if a surety request the creditor to collect the debt from the principal, and the creditor refuse or neglect to do so at a time when it is collectible, and from a subsequent change of circumstances it becomes uncollectible, the surety is by such conduct of the creditor exonerated from his liability. Remsen v. Beekman, 25 N. Y. 552. But we fail to see how these principles apply to the case at bar. Here the evidence of plaintiff, which the justice had a right to believe, shows, as we have seen, that no default existed at the time of the demand for subrogation, and that the surety had not paid any indebtedness of the debtor to the creditor, as no such indebtedness then existed, and there is no evidence that the tenant was insolvent at that time; but, on the contrary, the payment of the June rent tends to show that she was in point of fact solvent.

Appellant's counsel seeks with much zeal and labor to show that plaintiff is estopped from denying that Mrs. Jett was in default at the time defendant made her demand upon him to dispossess said tenant, because plaintiff does not specifically deny the allegation of defendant that he told her that Mrs. Jett was in default. We see no force in this contention. No question was asked him that called for such specific denial, although, as we have seen, he does swear positively that Mrs. Jett owed him nothing at that time, and that he so told de-

fendant. That alleged statement was as to the June rent, which was paid not by defendant, but by the tenant, according to the evidence of plaintiff and Mrs. Jett, which was accepted as true by the court below. There is here no application for the rule, cited by appellant's counsel, that "if one person asserts the truth of a fact to another, and the latter party acts upon the statement, the party asserting the fact cannot thereafter be heard to say that what he said was untrue, when the result of such statement would operate to his own benefit and to the prejudice of the opposite party" (Meeder v. Savings Society, 58 App. Div. 80, 68 N. Y. Supp. 518), since the defendant did not act upon such alleged statement, and such alleged statement in no way operated to her prejudice. Inasmuch as the rent had, in point of fact, been paid, there was nothing that either plaintiff or defendant could do with respect to the dispossession of Mrs. Jett.

The appellant's counsel makes a strenuous effort to maintain his contention that the demand for subrogation made in June survived with equal force in November and December. We cannot agree with this conclusion. The refusal of the plaintiff in June, when he was unable to comply with defendant's demand, does not extend to November and December, when the proper conditions for a renewal of defendant's offer and demand presented themselves. Defendant, however, did not avail herself of the change in the situation. Even the conditions alleged to have been imposed by plaintiff in June, which are, impliedly at least, denied by plaintiff, would not relieve defendant from the obligation to renew her offer and demand when the proper situation existed for such subrogation.

We think the judgment must be affirmed, with costs.

Judgment affirmed, with costs.