AVERY MANUFACTURING COMPANY, Appellant, v. LEATHERS, Respondent.

St. Louis Court of Appeals, March 31, 1908.

1. CHATTEL MORTGAGES: Application of Payments. On the sale of chattels under a mortgage securing several notes, where the sum realized was less than the whole amount of the notes, the mortgagee may apply the proceeds of the sale to any of the notes secured.

2. ————: Consideration: Extension of Time.   The extension of time for the payment of several notes secured by a chattel mortgage is a sufficient consideration for another mortgage, securing the same debt, on other chattels.

3. ————: Replevin: Splitting Causes of Action.   Where two chattel mortgages on different property were given to secure different notes representing the same debt, after foreclosure of one of the mortgages and the application of the sum realized to the payment of the debt, a suit on one of the notes secured by that mortgage for the balance was not splitting a cause of action so as to bar an action of replevin under the other chattel mortgage, nor did it operate as a waiver of the security of the other mortgage.

Appeal from Ozark Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*S. A. Davis* for appellant.

The extension of time by the plaintiff was a suf-ficient consideration for the giving of additional secur-ity by the defendant. Cox v. Sloan, 158 Mo. 411; Deere v. Marsden, 88 Mo. 512; Crawford v. Spencer, 92 Mo. 498. It cannot justly be regarded as a splitting of the cause of action where the mortgagee sues in replevin for the possession of the property mortgaged, and then brings a separate and distinct suit for the balance due on the debt. Edmonston v. Jones, 96 Mo. 91.

BLAND, P. J.—On January 7, 1903, defendant executed and delivered to plaintiff, an Illinois corporation, his three several promissory notes, aggregating $1,874.25, one for $625, due October 1, 1903; one for $624.25, due October 1, 1904, and one for $625 due October 1, 1905. To secure the payment of these notes defendant gave a chattel mortgage on an engine and separator. Default was made in the payment of the first note. But on December 1, 1903, defendant paid $20 thereon and on the third day of the same month, in consideration of an extension of the time of payment of said note, defendant, as collateral security for its payment, gave plaintiff his three several promissory notes for $219.55 each, due respectively April first, July first, and September 1, 1904, and to secure said collateral notes executed and acknowledged a chattel mortgage on some of his horses and cattle. The mortgage provided that in the event of default in the payment of any one of said collateral notes, or any part thereof, or the interest thereon, when due, the whole should become due. Default was made in the payment of the first note, whereupon a demand was made on defendant for a delivery of the mortgaged property to plaintiff. Delivery was refused and plaintiff commenced this suit in replevin before a justice of the peace, to recover possession of the mortgaged property,

alleging its value to be $200. In due course the cause was appealed to the Douglas Circuit Court. A change of the venue of the cause was awarded to the Ozark Circuit Court, where the issues were tried to the court sitting as a jury. The court found the issues for defendant and rendered judgment accordingly, from which plaintiff appealed to this court.

On May 8, 1904, the engine and separator mortgaged to secure the three original or principal notes were sold for the sum of $698, which sum was credited by plaintiff on two of the notes, the ones due respectively October 1, 1904, and October, 1, 1905. On May 5, 1904, plaintiff commenced its suit against defendant on the three original notes, having given credit thereon for $718, and also credit for $200, the supposed value of the horses and cattle mortgaged to secure the three collateral notes. At the close of plaintiff's case, at defendant's request, the court gave an instruction in the nature of a demurrer to plaintiff's evidence. The granting of this instruction is assigned as error.

1. We are unable to understand upon what theory of the case the court sustained the demurrer to plaintiff's evidence. Under the terms of the mortgage on the engine and separator, the whole of the debt secured by said mortgage was due and payable by reason of defendant's failure to pay the first note to mature; and plaintiff, in the absence of any direction by defendant, had the right to apply the sum realized on the sale of the engine and separator as a credit on any of said notes. [Lime & Cement Co. v. Citizens Bank, 158 Mo. 272, 59 S. W. 909; Cox v. Sloan, 158 Mo. 411, 57 S. W. 1052.]

2. The extension of time for the payment of the first of the original notes was a sufficient consideration for the giving of the mortgage on the horses and cattle, and therefore it cannot be held that the mortgage was

without consideration.  [Cox v. Sloan, supra; Deere v. Marsden, 88 Mo. 512.]

3.  The suit on the original note for the payment of which the chattel mortgage was given as collateral security did not operate as a waiver of the security, nor was it a splitting of one cause of action, nor would a judgment on the note have the effect to discharge the mortgage.  Only payment would have that effect.

4.  The debt to secure which the mortgage was was given was past due and under the terms of the mortgage and under the law, plaintiff was entitled to the possession of the property.

Wherefore the judgment is reversed and the cause remanded.  All concur.