GEORGE NEVILLE, Respondent, v. SIDNEY S. MAY, Appellant.

St. Louis Court of Appeals. Opinion Filed June, 7, 1921.

1. **OFFICERS: Collector of Revenue: Salaries of Employees: Must Look to Authorized Commissions for Compensation.** Under section 12927, Revised Statutes 1919, Subdivision 14, the expenses of the office of the collector of the revenue of the city of St. Louis and the salaries of the employees must first be taken out of the commissions which the statute allows the collector to retain before the collector himself is entitled to withhold any part of the commissions as compensation, which means all of the employees and the collector himself must look solely to this authorized commission fund for their compensation; which fund the collector holds in trust

to pay the expenses of his office and the salary of the deputies who have a prior claim thereon, not, however, for their entire salary for which they were employed, but only for their proportionate part thereof according to their respective claims, including, not only the employees who had their claims in suit, but all other employees.

2. JUSTICE OF THE PEACE: Jurisdiction: Equitable Action: Justice Has no Jurisdiction. In an action for salary as an employee against the collector of the revenue of the city of St. Louis, where it appeared that the defendant had retained the limit permitted him by law as commissions, and that said sum was insufficient to pay the claims of numerous deputies who had prior right thereto, some of whose claims were in suit and some not, the situation clearly called for the interposition of a court of equity, and when such facts appear the justice of the peace is without jurisdiction to proceed, as a justice of the peace, under section 2720, Revised Statutes 1919, has no jurisdiction over cases which require the interposition of a court of equity.

3. ———: ———: ———: ———: Waiver: Failure to File Bill of Interpleader Not Waiver of Jurisdiction. In an action for salary as an employee against the collector of the revenue of the city of St. Louis, the defendant did not waive his right to have the fund equitably distributed among all the claimants by himself failing to go into a court of equity and file a bill of interpleader, as the defendant should not be penalized for failing to seek first, a court of equity in advance of the various claimants, all of whom had an equal right to compel in a suit in the circuit court an equitable distribution of the fund among the various claimants according to their respective interests.

4. ———: ———: ———: ———: Appeals: Circuit Court has no Jurisdiction. Where the facts as developed by the evidence show that a justice of the peace was without jurisdiction to settle the rights of the claimants to a fund, the action being equitable, and as the jurisdiction of the circuit court in such a case on appeal is derivative, that court was without jurisdiction to render the judgment appealed from.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Benjamin J. Klene,* Judge.

REVERSED AND REMANDED (*with directions*).

*Elliot W. Major* and *J. E. Turner* for appellant.

(1) Justice courts have no jurisdiction over questions in Equity. R. S. 1909, sec. 7397; Seeser v. Southwick, 66 Mo. App. 667; Miller v. Ins. Co., 68 Mo. App. 19; Johnson v. Stephens, 107 Mo. App. 629; Small v. Speese, 131 Mo. App. 513; Close v. Gravel Co., 156 Mo. App. 411; Peycke Bros. Comm. Co. v. Co-op. Co., 195 Mo. App. 417. (2) Jurisdiction over trust funds is anciently and inherently of Equity. Batchelder v. Altheimer, 10 Mo. App. 181; Shelton v. Harrison, 182 Mo. App. 404. (3) Jurisdiction over funds out of which numerous claims must be satisfied, where the sum is insufficient to pay all in full, is strictly of Equity. See Equity, 21 Corpus Juris, 133; Batchelder v. Altheimer, 10 Mo. App. 181; Kankakee Woolen Mill Co. v. Kampe, 38 Mo. App. 229. (4) Equity has jurisdiction where an accounting is involved. Seeser v. Southwick, 66 Mo. App. 667; State ex rel. v. Denton, 229 Mo. 187; Kocurek v. Matychowiak, 185 S. W. 740. (5) A. Where a justice court has no jurisdiction, the appellate court acquires none on appeal. Ranken v. Fairley, 29 Mo. App. 587; Seeser v. Southwick, 66 Mo. App. 667; Miller v. Ins. Co., 68 Mo. App. 19; Johnson v. Stephens, 107 Mo. App. 629; Birchholz v. Ins. Co., 176 Mo. App. 464; Douden v. Mfg. Co., 199 Mo. App. 657. B. Where a case is started in a justice court, the circuit court on appeal cannot grant equitable relief nor decide the case on equitable principles. Johnson v. Stephens, 107 Mo. App. 629; Snyder v. Crutcher, 137 Mo. App. 121. (6) All parties having an interest in the subject matter should be before the court. Phillips v. Hardenberg, 181 Mo. 463; Shelton v. Harrison, 182 Mo. App. 404. (7) Payment of deputies by the Collector of the Revenue. Sec. 11481, R. S. 1909, Subdivision XIV.

*Edw. W. Foristel* for respondent.

*James T. Roberts,* of counsel.

BIGGS, C.—This cause originated in a justice court and is a suit upon an account by plaintiff for salary as

an employee of the defendant as Collector of the Revenue of the city of St. Louis from March 1st, to March 4, 1917. Plaintiff sues for his salary for said time as a deputy in said collector's office and also as assignee of a number of other claimants for salary for the same period, all being for wages as deputies of Mr. May while he served as collector. There were two other suits of the same character brought by other parties for themselves and also as assignees of other deputies and they were all tried together on appeal in the circuit court, it being stipulated that the other suits should abide the rtsult of this case. The claims of the deputies in the three suits amounted to $1,151.87 and the amount of commissions retained by the collector from taxes collected was the sum of $875.77. It was conceded that all of the deputies did not make an assignment of their claims and were not before the court.

A jury was waived and the cause was submitted to the court and judgment was rendered on behalf of plaintiff, the court holding that all of the plaintiffs in the three suits combining their claims could not recover more than the defendant had collected as commissions, leaving entirely out of consideration those deputies who had not assigned their claims to either of the plaintiffs and the court thereupon rendered judgment for plaintiffs for their proportionate part of the amount of commissions retained by the defendant during the four days, namely, the sum of $875.77.

Defendant in due course has appealed here urging one proposition, namely, that under the facts of the case the controversy is one solely cognizable in a court of equity and hence the justice was without jurisdiction and likewise the circuit court on appeal acquired none.

The facts in the case are not in dispute. Defendant was appointed collector by the Govenor of the State on December 16, 1916. The then acting collector Edmond Koeln disputed the right of defendant to hold that office resulting in a lawsuit over the matter which was determined by the Supreme Court in favor of the defend-

ant, who was finally inducted into the office which he held from March 1st, to March 4, 1917. During this time he collected taxes aggregating the sum of $33,626.91 and under the power given him by section 12927, Revised Statutes 1919 (section 11481, Revised Statutes 1909), as amended 1915 (Session Acts 1915, page 394) retained as commissions the sum of $875.77.

At the time the defendant assumed the office he found there deputies and assistants who had served the previous collector and who had been duly and regularly appointed by his predecessor all of whom had qualified. The defendant upon taking charge announced there would be no changes made in the employees and that all of the deputies should go ahead and perform their duties as they had done heretofore. He made no written appointment of deputies as is contemplated by section 12888, Revised Statutes 1919 (section 11445, Revised Statutes 1909). However the evidence shows that he requested the employees to continue and that plaintiff who was the cashier made up the pay roll for the four days which was submitted to the defendant and by him approved.

Afterward the defendant not having paid any part of the claims of these employees some of them assigned their claims to the plaintiff, making his total claim aggregate the sum of $437.94. Certain other deputies and employees made assignments to William G. Buechner and others made assignments to Charles J. Decker. Whereupon plaintiff, Buechner and Decker filed suits in a justice court against the defendant, their three claims totaling the sum of $1151.87. Other deputies and employees did not assign their claims to any one and the three suits which were tried together below did not in anywise include their claims. Their rights are not before the court for adjudication.

Under section 12927, Revised Statutes 1919, subdivision 14, it is provided that the collector shall pay all salaries and other expenses of his office and all other costs of collecting the revenue from the commissions

which he is allowed to retain; that the collector shall
make settlement annually on the first Monday of March
and at the expiration of his term of office with the proper
officer of the city for all commissions retained; and
all commissions allowed him shall be computed for the
year, or part of the year next preceding the dates of
such settlement. It is provided that such collector shall
present for allowance proper vouchers for all disburse-
ments made by him on account of salaries and expenses
of his office and other costs of collecting the revenue,
which shall be allowed to him as against the commissions
retained by him; and out of the residue of such com-
missions in his hands after deducting the amount of
such vouchers allowed, he shall be authorized to retain,
as far as the said residue of such commissions will
permit, a compensation at the rate of $10,000 per annum.
It is further provided that should such residue of com-
missions be less than sufficient to cover the above com-
pensation, then the entire residue shall be allowed to
him and shall be in full payment for his services. The
court properly construed this section to mean that the
commissions retained by Mr. May from the collections
between March 1st, and March 4th, concededly the sum
of $87577, constituted a fund in his hands out of which
he was to first pay the expenses of his office and the
salaries of the employees. The amount that the defend-
ant retained as commissions was not enough to cover
the claims for salaries of those employees which were
before the court in the three cases, not taking into
account other employees of the office whose claims were
not in anywise involved.

Under this statute the expenses of the office and
the salaries of the employees must be first taken care
of out of the commissions which the statute allows
the collector to retain before the collector himself is
entitled to withhold any part of the commissions as
his compensation. This of course means all of the em-
ployees and under this statute the employees and the
collector himself must look solely to this authorized

commission fund for their compensation. This being true the defendant in this case had in his hands the sum of $875.77, being the amount the law permitted him to retain as commissions, which fund he held in trust to pay the expenses of his office and the salary of the deputies who under the statute have a prior claim thereon, not however for their entire salary for which they were employed, but only for their proportionate part thereof according to their respective claims, including not only the employees who had their claims in suit but all other employees. The facts present a case where the defendant has a fund out of which a number of claims must be satisfied and where the fund is insufficient to pay all in full.

It appeared by the uncontradicted evidence that the defendant had retained as commissions the sum of $875.-77, the limit permitted him by the law, and that said sum was insufficient to pay the claims of numerous deputies who had prior right thereto, some of whose claims were in suit and some not. The situation clearly called for the interposition of a court of equity, and when such facts appear the justice is without jurisdiction to proceed as it is elemental that a justice of the peace has no jurisdiction over cases which require the interposition of a court of equity.

The case of Rankin v. Fairley, 29 Mo. App. 587, was a suit upon an account. It developed during the trial that the suit was an action of one partner against another on an unsettled account of more than a single item and that such a cause was an equitable action. It was consequently ruled that neither the justice nor the circuit court had jurisdiction of the cause.

In the case of Close v. Gravel Company, 156 Mo. App. 411, 138 S. W. 1, which was also a suit upon an account, it appeared in the trial that the plaintiff's only right to recover was based upon an assignment of unearned wages under an employment not then existing. This gave to the plaintiff an equitable right only and

it was held that the same could not be enforced in an action at law before a justice of the peace, such matter being cognizable only in equity.

Section 2720, Revised Statutes 1919 (section 7397, Revised Statutes 1909), provides that a justice of the peace shall not have jurisdiction of any strictly equitable proceeding.

In the present case defendant is the trusteee of a fund to which there are numerous claimants, but which fund is insufficient to pay all in full and the rights of all can only be adjusted in a court of equity where all of the claimants are joined and where their rights and also the rights of the defendant may be protected.

In 21 Corpus Juris, page 133, the rule is stated thus: "Where a specific fund or property is appropriated to or charged with the payment of various claims, so that it must be administered for the benefit of all, equity has jurisdiction to take an account of the claims and distribute the fund or proceeds of the property among the several claimants. The jurisdiction may in most cases be supported also upon the theory of administering a trust."

The plaintiff asserts that the defendant had the right to file a bill of interpleader and bring all the claimants before the court and have their rights to the fund adjudged, and having failed to do so that he cannot now come into court and defend an action at law on an account. In other words that the defendant has waived his right to have the fund equitably distributed among all the claimants by himself failing to go into a court of equity and file a bill of interpleader. Such contention is manifestly without merit as the defendant should not be penalized for failing to first seek a court of equity in advance of the various claimants all of whom had an equal right to compel in a suit in the circuit court an equitable distribution of the fund among the various claimants according to their respective interests. [Lime & Cement Company v. Citizens Bank, 158 Mo. 272, 59 S. W. 109.]

Upon the facts as developed by the evidence the justice was without jurisdiction to settle the rights of the claimants to this fund, and as the jurisdiction of the circuit court in such a case on appeal is derivative that court was without jurisdiction to render the judgment appealed from. It follows that the same should be reversed and the cause remanded with directions to dismiss the suit without prejudice to the rights of plaintiff or others to seek such other remedy as the law affords.

PER CURIAM:—The foregoing opinion of Briggs, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded. *Allen, P. J., Becker, J., and Daues, J.,* concur.