BESSIE FELDMAN and Another, Appellants, *v.* SIX ELEVEN REALTY CO., INC., Respondent.

Supreme Court, Appellate Term, Second Department, January 26, 1925.

Deeds — action to recover amount of tax lien paid by plaintiffs — party to covenant against incumbrances paying incumbrance after conveyance becomes subrogated to rights of grantee — plaintiffs, irrespective of whether lien was paid before or after conveyance, entitled to judgment.

Where a party to a covenant against incumbrances pays the incumbrance after a conveyance, he is subrogated to the rights of the grantees, and becomes the equitable assignee of a cause of action of his grantee.

Accordingly, plaintiffs, covenantees of a covenant against incumbrances, are entitled to recover the amount of the tax lien paid by them irrespective of whether they paid said lien before or after the conveyance to third parties.

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, Seventh District.

*Emanuel Mehl,* for the appellants.

*Meyer D. Siegel,* for the respondent.

PER CURIAM:

Judgment unanimously reversed on the law, with thirty dollars costs to the appellants, and judgment directed for the plaintiffs for the amount demanded in the complaint, with interest, and with appropriate costs in the court below.

Upon the pleadings and proof in the case it does not appear whether plaintiffs paid the tax lien before or after the conveyance by

them to third parties.  If before, there can be no doubt of their right to recover.  (*Geiszler* v. *De Graaf,* 166 N. Y. 339.)  We also hold that if the lien was paid after that conveyance, a recovery may be had.

While it may be that after a conveyance by the covenantee of a covenant against incumbrances, his cause of action for a breach of the covenant is lost to him and resides in his grantee, yet where he pays the incumbrance after a conveyance, in which he has covenanted against incumbrances, he is subrogated to the rights of his grantee and becomes the equitable assignee of the cause of action of his grantee, as if his grantee had paid the incumbrance. (*Dunlop* v. *James,* 174 N. Y. 411; *Pittsburgh-Westmoreland Coal Co.* v. *Kerr,* 220 id. 137.)

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.