METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, Appellant, *v.* LOUIS BADLER, Doing Business as HILDA DRESS COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, May 15, 1928.

**Insurance — fire insurance — subrogation — defendant suffered property loss through negligence of her landlord — plaintiff insurance company paid loss and thereafter landlord paid defendant for same loss and defendant executed general release — plaintiff may recover from defendant amount paid in action for money had and received.**

The defendant suffered property damage through the negligence of her landlord and the plaintiff insurance company paid the defendant the amount of the loss. Thereafter the landlord paid the defendant for the same loss and the defendant executed a general release.

The plaintiff, upon paying the loss, was entitled to be subrogated to the rights of the defendant, and since the defendant prevented the plaintiff from recovering from the landlord through the execution of the general release, the plaintiff may maintain this action for money had and received to recover back from the defendant the amount it paid in settlement of the claim.

APPEAL by plaintiff from judgment of the Municipal Court, Borough of Manhattan, First District, dismissing the complaint on the ground that the court has no jurisdiction of the action.

*Leo C. Kelly* [*James Ireland* of counsel], for the appellant.

No appearance for the respondent.

PER CURIAM. Action by insurer against insured to recover $250 as for money had and received.

Certain dresses for the defendant, tenant of the 48 West Twenty-fifth Street Corporation, were damaged by the alleged negligence of the landlord in the maintenance of a water pipe.

Plaintiff paid defendant $250 to settle the loss, and thereafter defendant received in satisfaction of his claim for the identical loss $325 from the landlord and gave a general release therefor, retaining the dresses which had been damaged.

Plaintiff received no assignment from the defendant; under the terms of the policy it was subrogated to the rights of the defendant against the landlord, but when plaintiff came to sue the landlord the latter produced the general release given by defendant. Thereupon this suit was brought to recover the $250 paid by plaintiff to defendant in satisfaction of the loss.

The court dismissed the complaint holding that whatever right the plaintiff " may have under its policy is in its nature an equitable one over which the court has no jurisdiction."

Irrespective of the provision of the standard policy providing for an assignment of all right of a recovery against any party to the extent of the payment made by the company, the insurer upon payment of the loss was subrogated to the rights of the insured against the wrongdoer; but this right was defeated when without knowledge of the plaintiff's claim the landlord on payment of $325 for the identical loss received a release from the insurer.

Although subrogation was originally of equitable cognizance, so was the assignment of a chose in action originally cognizable only in a court of equity, and just as an assignee may now sue to enforce his rights in a common-law action so a subrogee may also resort to a common-law forum for relief. (*Dunlop* v. *James*, 174 N. Y. 411.)

The defendant after the settlement with the insurer having received $325 from his landlord, the alleged tort feasor, in satisfaction of the same claim which the plaintiff had settled by payment of $250, and such payment by the landlord having been apparently made without knowledge of the plaintiff's rights, it would seem that the plaintiff is equitably entitled to recover the amount paid by it in this action for money had and received, which is the form in which courts of law enforce the equitable obligation. (*Roberts* v. *Ely*, 113 N. Y. 128.)

It follows that it was error to dismiss on the ground that the court below had no jurisdiction.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, DELEHANTY and CRAIN, JJ.