WILLIAM M. AVEY, Plaintiff, *v.* AMERICAN SURETY COMPANY OF NEW YORK, Defendant.*

Supreme Court, Erie County, May 20, 1929.

---

* See, also, 146 Misc. 224.

*Stanley & Gidley* [*Arthur E. Otten* of counsel], for the motion.

*Elijah W. Holt*, opposed.

LARKIN, J. In 1926 the plaintiff and one Nordblum were, respectively, supervisor and tax collector of the town of Brant. Nordblum gave a bond for the faithful performance of his duties, with the defendant as his surety. While this bond, in terms, ran to the plaintiff, as supervisor, it was in reality security to the town of Brant that the collector would account to it for all taxes which he received.

The defendant previously moved, upon the original complaint, for judgment, upon the grounds that it did not state a cause of action, and that the defendant had been released of liability. That motion was denied in so far as it was based upon the ground that the bond had been released, but granted for the reason that the complaint did not state a cause of action, with leave to the plaintiff to plead over. An amended complaint has been served, and the motion has been renewed upon the same grounds. In view of the fact that the same affidavits were used by the parties on this motion as upon the first, the motion is again denied as based upon the theory that the bond has been released, for the reasons stated in the memorandum accompanying the first decision.

It remains to be considered whether the amended complaint states a cause of action. The plaintiff now alleges that the money paid by him to the town of Brant was so paid by compulsion, and because of mistake arising through the fault of the collector. As alleged in the original pleading, the payment was apparently a voluntary one on the part of the plaintiff. The present allegations present a different situation. Assuming the facts as stated in the amended complaint, it appears that the plaintiff, as supervisor, believing, because of the fraud of the tax collector, that all of the taxes had been paid over by the collector, and threatened with imprisonment, paid to his successor in office the money in question,

when in fact the tax collector was a defaulter and the defalcation should have been made good by the defendant, his surety. If these facts are true, the payment by the plaintiff was not a voluntary one. The supervisor was not an intermeddler, nor a volunteer. He had a duty to discharge to the town in reference to the moneys belonging to it. He made the payment to protect himself and his property from seizure. It was, therefore, made under compulsion. Under such circumstances the one paying is subrogated to any rights which the creditor has against those who primarily are liable for the debt. (*Pittsburgh-Westmoreland Coal Co.* v. *Kerr*, 220 N. Y. 137, 142; *First Taxing District* v. *National Surety Co.*, 97 Conn. 639; 118 A. 96.) Had the defendant made good this shortage, it would have been subrogated to whatever rights the town might have had, not only as against the tax collector, but third persons as well. (*National Surety Co.* v. *National City Bank of Brooklyn*, 184 App. Div. 771.) Applying these same principles to the facts of the present case, there is no reason why the plaintiff, on making this payment, was not subrogated to the rights of the town, not only as against the tax collector, but his surety as well. An action may be brought by the plaintiff directly upon the bond, the plaintiff being treated as the equitable assignee of the town's claim and of the security. (*Dunlop* v. *James*, 174 N. Y. 411, 415; *Metropolitan Casualty Ins. Co.* v. *Badler*, 132 Misc. 132, 133.)

Neither should subrogation be denied for the reason suggested by the defendant, that plaintiff has an adequate remedy at law to recover this payment from the town, as having been made either through mistake or under duress. The mere fact that the plaintiff may have a remedy at law against a third person is no ground for refusing him the right of subrogation, under circumstances here presented. (*Thorn & Hunkins Lime & Cement Co.* v. *Citizens' Bank of St. Louis*, 158 Mo. 272; 59 S. W. 109; *Jackson* v. *Turner*, 5 Leigh [32 Va.], 119; *Beardsley* v. *Bennett*, 1 Day [Conn.], 107, 109; 21 C. J. 51.) Unless the plaintiff is subrogated to the town's rights, the surety, which, in good conscience, ought to pay, will escape liability, because the town cannot sue, since it has suffered no damage, nor can the plaintiff maintain the action for want of privity of contract. A situation, therefore, exists where the undertaking should be treated as assigned to the plaintiff, to be enforced by him in this suit, because, unless that is done, plaintiff has no remedy against this defendant.

Plaintiff also urges that section 13 of the Town Law authorizes this action. It may be that the broad language of that section is sufficient to permit a recovery by the plaintiff as an individual.

Viewed in that aspect, the motion presents a serious question whether the plaintiff's loss is not so remote as not to fall within the purview of the section. However, in view of the foregoing disposition of the matter, it is unnecessary to consider that phase of the motion.

Defendant's motion is denied, with ten dollars costs.