# Bizzell *v.* Nix.

60   281
128  578

*Bill in Equity to enforce Vendor's Lien for Purchase-Money of Land.*

1. *Vendor's lien ; how affected by statute of limitations.*—A vendor's equitable lien for the unpaid purchase-money of land is not lost or destroyed, because the statute of limitations has barred an action at law on the notes for the purchase-money ; and this principle applies where he has conveyed the land by absolute deed, taking no mortgage or other security, as well as where he has retained the title, and executed only a bond for title. (MANNING, J., *dissenting*).

APPEAL from the Chancery Court of Greene.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed on the 31st January, 1876, by John Nix, against William G. Bizzell, and sought to enforce a vendor's lien for the unpaid purchase-money of land. The land was sold and conveyed by the complainant, on the 15th March, 1859, to William H. Bizzell, who was the father of said William G., the defendant in this suit. A small part of the purchase-money was paid in cash, and the purchaser gave his two promissory notes for the residue, payable on 1st January, 1860, and 1861, respectively ; on which notes several partial payments were made, as shown by credits indorsed on them. The purchaser was put in possession of the lands under the contract, and continued in possession until his death, which occurred in February, 1874, leaving said William G. Bizzell his only child and heir-at-law. The defendant answered the bill, and, with other matters which require no notice, pleaded the statute of limitations of six years in bar of the relief sought. The chancellor held that, "where the interests of third persons do not interfere, the vendor's lien is not barred by the statute of limitations of six years ;" and he therefore rendered a decree for the com-

plainant, and ordered a sale of the lands as prayed. The chancellor's decree is now assigned as error.

SNEDECOR, COCKRELL & HEAD, for appellant, cited *Halfman v. Ellison*, 51 Ala. 543-48 ; Perry on Trusts, 211, § 234, and cases there cited ; Thomas on Mortgages, 27-8 ; 1 Lead. Cas. in Eq. 276 ; 7 Yerger, 9.

THOS. W. COLEMAN, and E. MORGAN, *contra,* cited *Driver v. Hudspeth,* 16 Ala. 348 ; *Relfe v. Relfe,* 34 Ala. 500 ; *Mahone v. Haddock,* 44 Ala. 90 ; *Thompson v. Cooper,* at the last term.

BRICKELL, C. J.—The authorities which, doubtless, induced the decree of the chancellor, and which are now relied on to support it, are *Driver v. Hudspeth,* 16 Ala. 348, and *Relfe v. Relfe,* 34 Ala. 500. The first was a proceeding under the statute then in force (Clay's Dig. 157, § 38), in the Orphans' Court, at the instance of a vendee holding a bond for title, to compel the personal representatives of the vendor, who had died, to make him title. The purchase-money had not been paid, but an action at law on the notes given for it was barred by the statute of limitations. It was held, that a vendor retaining the legal titles, and entering into bond for its conveyance only on payment of the purchase-money, had a lien in the nature of a mortgage ; that this lien the court would not divest, until the purchase-money was paid ; and that it was not impaired, because an action at law for the recovery of the purchase-money was barred by the statute of limitations. The court say : " The fact that the notes were barred by the statute of limitations does not destroy the lien, which is regarded in the nature of a mortgage. If the vendor, whose notes are barred, or his heirs after his death, should bring ejectment to recover the land, and thus drive the purchaser into a court of equity to enjoin the action, it is clear to my mind that the court of chancery would not interfere, until he had paid up the purchase-money, the remedy to recover which at law had been barred by the statute of limitations. The court of equity would not decree a specific performance, in favor of one who withholds the compensation he stipulated to pay, upon the ground that the legal remedy to recover it is barred. The vendor is not bound to sue upon his note, but may rest upon the security furnished by his lien."

The contract of sale, in *Relfe v. Relfe,* was by parol, and, so far as is shown by the report of the case, the vendor had not conveyed. It was held, that the lien for the payment of the purchase-money was not lost, or destroyed, because the statute of limitations had operated a bar for its recovery in

an action at law. It was further held, that the lien could not be regarded as a stale demand, within less than twenty years after the sale. It is said by the court: "The principle which preserves liens, notwithstanding the bar of the debt, is neither confined to those secured by a conveyance, as for example a mortgage, nor to those secured by a sealed instrument, nor even to those provided by an express contract." Again, "The principle is, the statute of limitations does not extinguish the debt, but merely bars the remedy by action at law; and there is no inconsistency in the prosecution of another remedy, after the action at law is barred." The court was referred to the New York and Mississippi decisions, to which the appellant now refers, and declined to follow them, saying, "These decisions are not correct expositions of the law."

We are not inclined to depart from these decisions. The present case is different in its facts, and the rights of the parties are materially different; but the difference does not render inapplicable the principle which underlies and forms the reason of these decisions. In the present case, the vendor parted with the legal estate, and, taking no independent security for the purchase-money, has simply the lien which a court of equity, on its own principles, raises and enforces for his security. It is not matter of contract—it does not arise from the presumed intention of the parties, though its existence or waiver may often depend on such intention. It is subordinate to other equities acquired by strangers in ignorance of its existence, and it is moulded and fashioned by the court as the facts of the particular case may require. With the lien of a vendor retaining the legal estate as a security for the purchase-money, it has no other common element, than that it is a security for a debt—passing by an unqualified assignment of the debt, and capable of enforcement by a decree of a court of equity. It has not the qualities of a mortgage. which is a conveyance of the legal estate, conferring a right of entry at law, and to which the lien of a vendor retaining the legal estate is analogous.—*Bankhead v. Owens*, at present term.

The general principle, that when the security for a debt is a lien on property, personal or real, the lien is not impaired, because the remedy at law for the recovery of the debt is barred, is not, as is very emphatically and clearly stated in *Relfe v. Relfe*, confined to liens created by contract, or by instruments under seal, or by mortgages, which convey a legal estate, and confer a right of entry. The debt is not extinguished, though the statute of limitations may have barred legal remedies for its recovery. The bar of the stat-

ute may be removed by a subsequent promise or acknowledgment, which is supported by the debt as a consideration; and the consideration rests on the moral obligation to pay, which statutes can not obscure or impair. The debt not being extinguished, the lien for its security remains; and though legal remedies are barred, the equitable remedy to enforce the security is unaffected. It is not necessary further to pursue a discussion of the question. We can not regard it as *res integra*. The discussion was exhausted, and is foreclosed by the decisions to which we have referred; and on their authority we are content to rest.

The decree of the chancellor is affirmed.

MANNING, J. (*dissenting*).—The passage quoted from the case of *Relfe v. Relfe*, containing views no where else asserted in any decision of this court, ought not, it seems to me, to be regarded as authoritatively determining the question here presented. Both that, and *Driver v. Hudspeth*, differ very materially from the present case, in this: the creditors in those cases had estates in the lands for which the debts were contracted; titles were reserved to, or remained in them, for their security, upon which they could, respectively, maintain suits for the lands themselves, or for a sale of them to pay the debt, after actions at law for the debts were barred. This is the doctrine that was distinctly settled in *Doe, ex dem. Duval's Heirs v. McLosky* (1 Ala. 710), and has been ever since recognized as clear and familiar law; and it alone, without anything more, plainly justifies the decisions in the cases first above cited; and that of *Driver v. Hudspeth* is expressly founded upon it.

In the present case, the land was conveyed by the vendor, without reserving or contracting for any lien upon it for the purchase-money. The object of the bill is to have established what is called the equitable lien of a vendor; a lien which is the "mere creature of a court of equity; · · · · a right which has no existence, until it is established by the decree of a court in a particular case, and is then made subservient to all other equities between the parties."—*Gilman v. Brown*, 1 Mason, 191; *Houston v. Stanton*, 11 Ala. 422–3; *Halfman v. Ellison*, 51 Ala. 551; *Bankhead v. Owens*, at the present term. "It is neither a *jus in re*, nor a *jus ad rem.* · · · It is not a direct trust in the land itself, but a collateral trust for the security of the debt. It is in fact a *remedy* for the debt, and not a right of property. It follows, that the remedy can be enforced only so long as the debt can be enforced. · · · · If the action is barred by the statute of limitations, the remedy to enforce the lien is gone also."

[Dillard and Wife v. Winn.]

1 Perry on Trusts, § 234, and cases there referred to ; 1 Lead. Cas. in Eq., Wh. & Tu. Notes, 4th Amer. Ed. 481, 496 ; 1 Jones on Mort. § 218.

This conclusion appears to me, logically, inevitable, as as well as in direct accord with several decisions of this court ; *Halfman v. Ellison, supra, Bankhead v. Owens,* at the present term, and others. Upon what principle, can a chancellor interfere, and establish a lien, when the parties have not contracted for any, and thereby coerce payment of a debt which is barred by a legislative enactment, declarative of the policy of the State in favor of repose against delayed litigation ? Such authority in a court of chancery is not consistent with merely judicial functions. And since the express extension of the statute of limitations to suits in chancery (Code of 1876, § 3758), the courts appear to me prohibited by positive law from creating such a lien, while the bar of the statute exists. This extension of the statute was not referred to at all in *Relfe v. Relfe,* probably because the case arose too soon after the adoption of the Code of 1853, by which the statute was extended to courts of equity, to be affected thereby.

With great respect for the opinions of my brothers, I feel obliged to dissent from the conclusion they have reached.