JOHN A. O'KEEFE *vs.* WILLIAM ALLEN.

PROVIDENCE—MARCH 11, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

Wages to be earned under a subsisting contract may be assigned, and an assignment thereof in good faith is valid against a subsequent garnishment.

But such assignment becomes inoperative when the contract of employment on which it rests is ended.

A subsequent return to the employment does not revive the assignment, as the new employment is by virtue of a new and not of the old hiring.

Assumpsit. Heard on exceptions to the rulings of a District Court on a motion to discharge the garnishee.

Matteson, C. J. This is assumpsit on book account. The action was brought in the District Court for the Sixth Judicial District. Attachments by trustee process were made of the defendant's wages in the possession of the Miller Iron Works, by which he was employed. The answer of the garnishee disclosed that on June 24, 1895, the defendant, by his deed of that date, assigned to James Cunningham all moneys which should become due to him from the garnishee for services as a moulder between that date and June 24, 1896 ; that at the date of the assignment he was in the employment of the garnishee and had been so employed for a number of years, but that he left the garnishee's employment in October, 1895, and entered their employment again in the month of December following. On these facts the plaintiff moved that the garnishee be charged. The court denied the motion, and the plaintiff excepted.

We think that the District Court erred in its rulings. It is well established that wages to be earned under a subsisting contract may be assigned, and that an assignment in good faith is valid against a subsequent garnishment. *Tierney v. McGarity*, 14 R. I. 231. The moment, however, that the defendant left the employment of the Miller Iron Co., in October, 1895, the contract of employment, on which the assignment of wages of June 24, 1895, rested, was at an end. His subsequent return to the employment was not by virtue of the old, but under a new hiring. As to this new contract the assignment at law, however it might be in equity, was the assignment of a mere possibility, and therefore at law inoperative. *Tierney* v. *McGarity*, 14 R. I. 232 ; *Edwards* v. *Peterson*, 80 Me. 367. The case which comes nearest to sustaining an opposite doctrine of any which we have found

is *Wallace* v. *Walter Hayward Chair Co.*, 16 Gray, 209. In this case it was held that a written order for the payment of a certain sum out of his wages, drawn for a sufficient consideration by a workman employed under a subsisting engage ment for a certain time, upon his employer, and accepted by the latter, and made "payable when earned," applied to wages earned under a new engagement entered into by the workman immediately on the expiration of the first, for lower wages, with the same employer. The court admitted the rule stated above, but seemed to think that the fact that the new arrangement immediately followed the old, so that the service was continuous, was sufficient to prevent the operation of the rule. It evidently regarded the new arrangement rather as a modification of the old, and the old as still subsisting, than as a new and independent employment. The case at bar is in this respect totally unlike *Wallace* v. *Walter Hayward Chair Co.;* for here there was no continuity of service, and the return to the employment was, so far as appears, under a new and distinct hiring.

The answer of the garnishee also discloses that, before the service of the writ of mesne process, the defendant, on June 24, 1896, had executed a second assignment of his wages to Cunningham, which was operative, under the new hiring in the preceding December, as against the service by trustee process on that writ on July 3, 1896.

Exception sustained, and case remitted to the District Court for the Sixth Judicial District, with direction to charge the garnishee to the extent of the moneys in its possession at the time of the attachment on the original writ, to wit, June 20, 1895.

*Thomas F. Farrell*, for plaintiff.
*James M. Gilrain*, for defendant.