F. D. CLOSE, Respondent, v. INDEPENDENT GRAVEL COMPANY, Appellant.

Springfield Court of Appeals, May 8, 1911. Motion for Rehearing Overruled June 13, 1911.

1. **ASSIGNMENTS: Assignment of Future Wages: Equity: Justices' Courts.** One, Patrick, executed an assignment of wages to the plaintiff. The instrument attempted to assign future wages from his present employment as well as from any subsequent employment, and covered a period of one year from the date of its execution. At the time of the assignment, Patrick was employed by a mining company. Later he was employed by defendant, who refused to recognize the assignment of wages when notified by the plaintiff, and a suit was instituted before a justice of the peace on the assignment, against the defendant to recover wages due Patrick sufficient to pay Patrick's indebtedness to plaintiff. *Held,* that any right of

action plaintiff had was an equitable right and the same could not be enforced in an action at law before a justice of the peace.

2. ———: **Choses in Actions.** The trend of modern decisions is in the direction of enlarging and protecting more fully the rights of assignees of choses in action, and the necessary effect of our reformed code of procedure, which requires actions to be brought in the name of the real party in interest, is to change to a large extent the right acquired by an assignee of such chose in action from an equitable to a legal right.

3. ———: **Assignment of Future Wages: Present Contract.** An assignment of prospective wages to be earned under a contract of employment then existing although the contract may be indefinite as to time and amount, is *held* to create a legal right in the assignee, whether such assignment was intended as a present sale or a mere security for present or future advancements. But the rule is different where the assignment covers wages that may be earned in the future under an employment not then existing. Such an assignment will convey only an equitable right.

4. ———: ———: ———: Without a present contract of employment there cannot be a valid assignment at law or equity of wages to be earned in the future, for the reason that under such circumstances future earnings constitute a mere possibility not coupled with an interest.

5. ———: ———: ———: **Future Contract.** Future wages that may possibily be earned under some employment not then existing, cannot, strictly speaking, be assigned, but an attempted assignment of such wages might create an equitable right, enforcible in equity, should the assignor actually obtain such future employment and earn wages thereunder.

6. ———: **Mortgages: Property to be Acquired in the Future: Equity.** A sale or mortgage of property to be acquired in the future does not operate as an immediate alienation at law, but it does operate as an equitable assignment of the present possibility, which changes it to an assignment of the equitable ownership as soon as the property is acquired by the vendor or mortgagor.

7. **COURTS: Jurisdiction: Equity.** The courts of law have no jurisdiction to enforce a right which is purely equitable.

8. **JUSTICES' COURTS: Equitable Liens.** A justice of the peace has no jurisdiction over the foreclosure of an equitable lien.

9. ———: **Equitable Assignments.** A right under an equitable assignment of future wages that may be earned under an employment not then existing, cannot be enforced in a justice's court.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair*, Judge.

REVERSED.

*L. E. Bates* for appellant.

(1) An assignment of a mere possibility coupled with no interest is void and no action at law can be maintained thereon by the assignee. 3 Pom. Eq. Juris., pages 2571, 2581, sec. 1285; Railroad v. Woodring, 9 Atl. 58; Bell v. Mulholland, 90 Mo. App. 619; Rodijkeit v. Andrews, 77 N. E. 747; Herbert v. Bronson, 125 Mass. 475; Twiss v. Cheever, 2 Allen, 40; Eagan v. Luby, 133 Mass. 543; Billings v. O'Brien, 45 How. Pr. 392. (2) Where an employee assigns wages which are unearned, but for which he has a present employment, the law governing is based upon a different rule than where the employee attempts to assign his wages unearned and for which he has no employment at the time the assignment is attempted to be made. Rodijkeit v. Andrews, 77 N. E. 747. (3) Jurisdiction of the circuit court of cases appealed from justice court is derivative, that is, in such cases the circuit court has no greater jurisdiction that the justice court had. Nenno v. Railroad, 105 Mo. App. 550; Ins. Co. v. Foster, 56 Mo. App. 197; Small v. Speece, 131 Mo. App. 513. (4) A justice court has no equity jurisdiction and therefore in a case appealed from it involving a question of equity the circuit court acquires none. R. S. 1909, sec. 7397.

*A. G. Young* for respondent.

(1) Future earnings, under existing agreements, may be assigned, although the work being done may be indefinite as to time and amount to be paid. 4 Cyc. 17; Hax v. Cement Co., 82 Mo. App. 447; Price v. Mining Co., 83 Mo. App. 470; Bell v. Mulholland, 90 Mo. App. 612. (2) The consent or acceptance of the debtor is not

necessary to a valid assignment. 4 Cyc. 34. (3) Payments to assignee after notice to debtor of assignment are made at debtor's peril. Leahy v. Dugdale, 34 Mo. 99, 41 Mo. 517. (4) One who takes an assignment acquires title, but must notify debtor to make his claim valid against a junior assignee. Houser v. Richardson, 90 Mo. App. 134. (5) An assignment of wages by a person not having employment is good as an equitable assignment and takes effect as soon as the wages are earned. 4 Cyc. 85, 95; 2 Am. and Eng. Ency. of Law, 1032; Edwards v. Peterson, 80 Me. 367, 14 Atl. 936; 3 Pomeroy on Equity Jurisprudence, sec. 1288; Tiedeman on Equity Jurisprudence, sec. 375. (6) Under the reformed procedure, abolishing the distinction between legal and equitable actions, and requiring that every action must be brought in the name of the real party in interest, an action on an equitable assignment is a legal action and may be brought in a justice court. 3 Pomeroy on Equity Jurisprudence, secs. 1273, 1274, 1277, 137, 281, 356; Am. and Eng. Ency. Pl. and Prac. 742, 766; 4 Cyc. 9; Kuhn v. Schwartz, 33 Mo. App. 610; Boyer v. Hamilton, 21 Mo. App. 520; 4 Cyc. 95, 98; Walker v. Miauro, 18 Mo. 564; Dickinson v. Spokane (Wash.), 66 Pac. 381.

NIXON, P. J.—This case was tried *nisi* on the following agreed statement of facts:

"The plaintiff, F. D. Close, is a hardware merchant in Webb City, Missouri. On the 3d day of January, 1910, J. W. Patrick gave plaintiff the following written assignment: 'For a valuable consideration, to me in hand paid by the Webb City Stove Company, the receipt of which is hereby acknowledged, I do hereby transfer, assign and set over to the said Webb City Stove Company, its successors or assigns, all wages or claims for wages, commisions, credits and demands of every nature and kind due and to become due from my present employment or from any subsequent employer, up to and including the last day of January, 1911, not to exceed

—— dollars. I hereby constitute the said Webb City Stove Company, its successors or assigns, my attorney in name, with full power of substitution, to take all legal measures which may be proper and necessary for the complete recovery and enjoyment of the claim hereby assigned, and I hereby authorize and empower and direct the said employer to pay the said demand and claim for wages, commissions, credits and all demands of every nature and kind hereof to said Webb City Stove Company, its successors or assigns, and hereby authorize and empower it to receipt for same in my name. I have read the above assignment and power of attorney and understand what it means. Dated 3rd day of January, 1910. Witnesses: F. B. Finley, J. B. Johnston. (Signed) J. W. Patrick.'

"Patrick was by occupation a miner and owed the plaintiff, at the time of giving the assignment, $29.50.

"On the 26th day of February, 1910, a written notice of the assignment with a copy of the same attached was served on the Independent Gravel Company. Defendant refused to recognize the assignment and paid the money due Patrick as wages, to him.

"At the time of making the assignment Patrick was not in the employ of the Independent Gravel Company. He was not employed by defendant Gravel Company, but was employed by a mining company. He was not employed by defendant until February 14, 1910. At the date of giving the notice of the assignment to defendant, he was in the employ of the defendant company.

"The amount due Patrick from defendant at the time said notice was served upon it was $9.25, and the amount earned by said Patrick thereafter while in the employ of defendant was $25.50. Patrick was employed by the day by the defendant and was paid at the end of each week, and could be discharged at any time."

Plaintiff recovered judgment in the justice of the peace court for $29.50, the balance due on the stove. Defendant appealed and on trial anew in the circuit

court, the court sitting as a jury, judgment was entered for plaintiff for the sum of $29.50. The defendant has appealed.

It will thus be seen that the litigation arose out of the attempted assignment of future wages not growing out of an existing contract of employment. The questions for our consideration are, (1) Did the assignment given by Patrick operate as an equitable assignment of the wages earned after he changed employers? (2) If so, in a suit at law in a justice of the peace court the proper mode of proceeding or is plaintiff compelled to resort to a court of equity?

The trend of modern decisions is in the direction of enlarging and protecting more fully the rights of assignees of choses in action. This is especially true in states like our own where the reformed procedure has been adopted which requires actions to be brought in the name of the real party in interest, and the assignee of a thing in action is required to sue in his own name in a legal action brought for its recovery. The necessary effect of this legislation is to change to a large extent the right acquired by the assignee of such chose in action from a purely equitable into a legal title, interest and ownership; and when the thing in action is itself legal the interest, right and title under the assignment is a legal one. [Van Doren v. Rolfe, 20 Mo. 455; Hax v. Acme Plaster Co., 82 Mo. App. l. c. 454; Dickey v. Porter, 203 Mo. 1, 101 S. W. 585; Price v. Mining Co., 83 Mo. App. l. c. 476; Kuhn v. Schwartz, 33 Mo. App. 610; Boyer v. Hamilton, 21 Mo. App. 520; 3 Pom. Eq. Jur. (3 Ed.), sec. 1274; 1 Pom. Eq. Jur. (3 Ed.), secs. 137, 281, 356; Dickerson v. City of Spokane (Wash.), 66 Pac. 381.]

The general principles have been applied by courts to that class of cases which have arisen out of assignments of prospective wages to be earned under contracts of existing employment which import to them a potential existence, although the contract may be indefinite as to time and amount, if made in good faith and for

a valuable consideration, whether such assignment was intended as a mere security for present or future advances, or an outright sale. [Leahy v. Dugdale's Adm'r., 27 Mo. 437; Hax v. Acme Plaster Co., supra; Leitch v. Northern P. R. Co. (Minn.), 103 N. W. 704; Kane v. Clough (Mich.), 24 Am. Rep. 599; O'Connor v. Neehan (Minn.), 49 N. W. 982; Thayer v. Kelly (Vt.), 65 Am. Dec. 220; Morrill v. Noyes (Me.), 96 Am. Dec. 486; Metcalf v. Kincaid (Iowa), 54 N. W. 867.

But in the case under consideration there was no existing contract of employment between the debtor and this defendant as to the wages sought to be affected by this action. There was nothing to assign but a contingent interest arising from mere hope or expectation resting on probability alone. An assignment of such an expectancy is supported and enforced in equity for the reason that equity construes the instrument as imposing a lien upon the *res* when produced or acquired, leaving the legal title still in the grantor, who may by some act ratify the same, as by a delivery of the property; and then the legal title is complete in the vendee. [Everman v. Robb (Miss.), 24 Am. Rep. 682.] "The reason that it may be different in equity is not that a man conveys *in praesenti* what does not exist, but that what is in form a conveyance operates in equity by way of present contract merely, to take effect and attach to the things assigned as soon as they come *in esse;* to be regarded before that time as only an agreement to convey, and after that time as a conveyance." [Emerson v. Railroad (Me.), 24 Am. Rep. 39; Edwards v. Peterson (Me.), 14 Atl. 936; Rodijkeit v. Andrews (Ohio), 77 N. E. 747; Wright v. Bircher, 72 Mo. 179, 186; Keating v. Hannenkamp, 100 Mo. l. c. 167; Mitchell v. Winslow, 2 Story 630.]

Although a sale or mortgage of property to be acquired in the future does not operate as an immediate alienation at law, it operates as an equitable assignment of the present possibility, which changes into an assign-

ment of the equitable ownership as soon as the property is acquired by the vendor or mortgagor; and because this ownership thus transferred to the assignee is equitable, and not legal, the jurisdiction by which the right of the assignee is enforced and is turned into a legal property, accompanied by possession, must be exclusively equitable; a court of law has no jurisdiction to enforce a right which is purely equitable. [3 Pom. Eq. Jur. sec. 1288.]

Hence there is a distinction between the assignment of an equitable lien or equitable right and the assignment of a legal demand. The former is only valid and can only be enforced in a court of equity. Without a present contract, there cannot be a valid assignment either at law or in equity of *wages* to be earned in the future for the reason that under such circumstances future earnings constitute a mere possibility not coupled with an interest. [Bell v. Mulholland, 90 Mo. App. 612; Billings v. O'Brien, 45 How. Pr. 392; Herbert v. Bronson, 125 Mass. 475; Edwards v. Peterson (Me.), 14 Atl. 936; Cooper v. Douglass, 44 Barb. (N. Y.), 409; 4 Cyc. 18.] The *wages* for this reason could not, strictly speaking, be assigned, but the attempted assignment would create an equitable right. A justice of the peace has no jurisdiction over the foreclosure of an equitable lien because it could be enforced only in a court of equity which would be "a strictly equitable proceeding"—in the words of section 7397, Revised Statutes 1909. In the present case the plaintiff's right of action does not grow out of a contract of employment existing with this defendant at the time of the assignment of the future earnings and hence he has no title to them which could be enforced in an action at law.

It follows from what has been said that the plaintiff had no such title as would enable him to maintain a suit on the account before a justice of the peace, and the judgment is therefore reversed. All concur.