### McKNEELY v. ARMSTRONG et al.
(No. 6225.)

(Court of Civil Appeals of Texas.  Galveston. April 17, 1913.  Rehearing Denied May 15, 1919.)

1. APPEAL AND ERROR ☞51—COURT OF CIVIL APPEALS—JURISDICTIONAL AMOUNT.

In suit by a railroad's employé for a month's wages of $84.74, wherein the railroad cited in an assignee of plaintiff's wages, who filed cross-bill seeking to recover, not only the month's wages sued for by plaintiff, but the balance of $142.90 claimed by him under plaintiff's assignment, $142.90 was the amount in controversy, and the Court of Civil Appeals has jurisdiction of the appeal.

2. ASSIGNMENTS ☞13—FUTURE WAGES.

An assignment of "any sum of money due, or which may become due, me as salary or wages for any subsequent month, or months, within the period of four years from the date of this instrument, from any person, firm, or corporation whosoever for whom I may work," was not valid as to wages earned in an employment other than that in which the servant was when he executed the assignment, and not then anticipated.

3. ASSIGNMENTS ☞12—FUTURE WAGES.

When wages to be earned under an existing or known and identified employment are assigned, there may be a reasonable expectation by the parties that the wages will be earned, and, such possibility or expectancy being coupled with an interest, the thing assigned has a potential existence, and the assignment is valid.

Appeal from Harris County Court; Clark C. Wren, Judge.

Suit by O. Armstrong against the Houston Belt & Terminal Railway Company and C. E. McKneely. Judgment for plaintiff, and defendant McKneely appeals. Affirmed, in conformity to answers to certified question.  210 S. W. 192.

J. V. Meek, of Houston, for appellant.

Andrews, Ball & Streetman, of Houston, for appellee Houston Belt & T. Ry. Co.

Tom C. Rowe and W. H. Nall, both of Houston, for appellee Armstrong.

PLEASANTS, C. J.  Appellee brought this suit in the justice court of precinct No. 1 of Harris county against the Houston Belt & Terminal Railway Company to recover the sum of $84.74 due him by said company as wages earned in the service of the company during the month of September, 1910.  The defendant company answered that it owed the sum of $84.74 wages earned by plaintiff as alleged in his petition, but that appellant claimed said wages under an assignment made to him by plaintiff, and having deposited the said sum in court, defendant prayed that appellant be made a party to the suit, and that it have judgment protecting it from further claim by either plaintiff or the said McKneely.  The defendant McKneely, having been duly cited, appeared and answered, claiming the amount deposited in the court under an assignment of wages executed by the plaintiff on February 16, 1910, assigning to said defendant $142.90 of the wages then earned or to be earned by him in the employment of the Texas & New Orleans Railway Company, in which assignment he expressly agreed that, in event said sum was not paid to defendant out of the wages earned by plaintiff from said Texas & New Orleans Railway Company, said sum was assigned to defendant out of any wages plaintiff might earn during a period of four years in the employment of any person, firm, or corporation.

The trial in the justice court resulted in a judgment in favor of plaintiff for $84.74 against both of the defendants, and adjudging all costs against the defendant McKneely. Upon appeal to the county court, and a trial de novo therein, a like judgment was rendered.  The amended pleading filed by defendant McKneely in the county court, and upon which the cause was tried, omitting the formal portions, is as follows:

"That heretofore, to wit, on the 16th day of February, 1910, that plaintiff, Odine Armstrong, for a valuable consideration to him paid, did then and there make, execute, and deliver to this defendant, C. E. McKneely, an assignment of his wages to the extent of $142.90.  Said assignment is hereto attached, marked 'Exhibit A,' and made a part hereof.  This defendant shows that on the day said assignment was made, plaintiff, O. Armstrong, at that time was in the employ of the Texas & New Orleans Railway Company, that plaintiff was a railroad man, and had been for many years, and that, after he made the assignment aforedescribed, plaintiff continued in said railroad company's employ for some time; and defendant shows that said plaintiff, although he had assigned to this defendant the sum of $142.90 of his wages earned and to be earned while in the employ of the Texas & New Orleans Railroad Company, yet, as a matter of fact, said plaintiff drew his said wages earned from said railroad company and appropriated same to his own use and benefit, and he failed and refused to pay

this defendant any part of said wages; that thereafter the said plaintiff quit the employ of the Texas & New Orleans Railroad Company, and entered the employment of the Houston Belt & Terminal Railroad Company, and this defendant shows that in said assignment it is and was specially agreed and understood that, if this defendant was not paid the said sum of $142.90 by the plaintiff out of the moneys earned while in the employ of said Texas & New Orleans Railroad Company, then it was further provided that this defendant should have, and there was transferred and assigned to him, any moneys due plaintiff as salary or wages for any subsequent month or months within the period of four years from the date of said instrument from. any person, firm, or corporation whomsoever for whom plaintiff might work, or so much of said sum as would be required to satisfy the said assignment. Defendant shows that, after plaintiff began to work for the Houston Belt & Terminal Railroad Company, this defendant served said company with notice of the fact that he held the assignment hereto attached and made a part hereof, by giving said company a copy thereof, and at that time the company owed plaintiff the sum of $84.74, and said company owed plaintiff said amount at the time plaintiff quit its employ, being salary or wages earned by plaintiff, which sum this defendant is entitled to a judgment for, as well as a judgment declaring said assignment a valid assignment of wages to be earned by Odine Armstrong from any person, firm, or corporation for whom he may labor during a period of four years, to an amount sufficient to satisfy, pay off, and discharge said assignment.

"Wherefore this defendant files this plea and cross-action against both Odine Armstrong and the Houston Belt & Terminal Railroad Company, and upon final trial he prays judgment against the Houston Belt & Terminal Railroad Company and Odine Armstrong for said sum of $84.74, now on deposit in this court. He also prays that he have judgment establishing the balance of his claim against the plaintiff, Odine Armstrong, and judgment that he have a right to wages to be earned by said Odine Armstrong from any person, firm, or corporation for whom he may work within a period of four years from the date of said assignment, to an amount sufficient to pay off and discharge the balance of said assignment, which amounts to $58.16, and for costs of court, and for general and special relief, as in law or equity to which he may be entitled to receive, for all of which he will ever pray."

The assignment of wages under which appellant claims, and which was attached as an exhibit to his cross-bill, is as follows:

"The State of Texas, County of Harris.

"Know all men by these presents that I, Odine Armstrong, of Harris county, Texas, for and in consideration of one hundred and twenty-nine and 50/100 dollars to me in hand paid by C. E. McKneely, of Houston, Harris county, Texas, and other valuable considerations, have sold, alienated, and transferred, and by these presents do sell, alienate, and transfer, to the said C. E. McKneely the sum of one hundred and forty-two and 90/100 dollars out of the salary or wages due or to become due me from T. & N. O. R. R. Co., for the month of February, A. D. 1910.

"In case said sum of one hundred and forty-two and 90/100 dollars is not satisfied out of said month's salary or wages, then all moneys, claims, or demands accruing thereafter to me from said T. & N. O. R. R. Co., as wages or salary, up to said amount of one hundred and forty-two and 90/100 dollars, are to become the property of the said C. E. McKneely, and said C. E. McKneely is hereby authorized and empowered to ask for, collect, and sue for same in either my name or its or his own name as he elects, and I hereby direct that said T. & N. O. R. R. Co. pay to said C. E. McKneely the sum of one hundred and forty-two and 90/100 dollars, and if same is not paid to said C. E. McKneely, and this assignment is placed in the hands of an attorney to collect the said sum, or if suit is brought on same, then, in either event, I do assign and transfer to said C. E. McKneely the sum of eight dollars that may be due or to become due as wages, as attorney's fees and court costs, and said C. E. McKneely is authorized to collect and receipt for same, and, if not paid, it or he may recover same by suit.

"If the above amount is not paid to C. E. McKneely by the party for whom I am now working, then, in addition to the above, I further transfer and assign to said C. E. McKneely any sum of money due, or which may become due, me as salary or wages, for any subsequent month or months, within a period of four years from date of this instrument, from any person, firm, or corporation whomsoever for whom I may work, or so much of said sum or sums as may be required to satisfy said sum of one hundred and forty-two and 90/100 dollars, and attorney's fees and court costs, if any, and the said C. E. McKneely is hereby authorized to collect and receipt for same, and said receipt shall be absolutely binding and conclusive upon me.

"Witness my hand at Houston, Texas, this the 16th day of February, A. D. 1910.

                                      his
                          "Odine  X  Armstrong.
                                     mark
"Witness: C. E. McKneely. Josie Matheny."

The trial court sustained a general demurrer presented by plaintiff to this cross-bill of defendant McKneely.

Appellee has filed a motion to dismiss this appeal on the ground that the amount in controversy is less than the amount necessary to give the right of appeal to this court. This motion is based upon the contention that the amount in controversy is only the sum of $84.74, the amount deposited in the court below.

[1] We do not think that this contention is sound. The cross-bill before set out seeks not only to recover the amount of the deposit, but prays for judgment against the appellee, establishing appellant's right to the balance of the $142.90 claimed under the assignment. The fact that appellant, even if the assignment was valid, might not be entitled to any judgment, except one awarding him the amount of the deposit, does not settle the question of the amount in contro-

versy in the suit. The amount claimed by him against the appellee was $142.90, and his right to have judgment for this amount as prayed for in his cross-bill is the very question that was in controversy in the court below, and to determine which this appeal is prosecuted. The amount in controversy being $142.90, this court has jurisdiction of the appeal, and the motion to dismiss is overruled.

[2] Upon the merits of the appeal we think the trial court was correct in holding that the assignment of wages under which appellant claims was void as to any wages thereafter earned by appellee in any other employment than that in which he was engaged at the time the assignment was executed. To constitute a valid sale of property the description of the thing sold must be sufficiently definite to identify and distinguish it from all other and like property, and there can be no sale of property unless both the buyer and seller knows and can identify the thing sold. Courts of equity will uphold the sale of property not in esse only when it is clear that at the date of the sale the parties anticipated the acquisition by the grantor of the identical property which he thereafter acquired, and which is sought to be brought within the contract of sale, and intended that such identical property should be the subject-matter of the sale. The description in the assignment before set out does not meet this test:

"Any sum of money due or which may become due me as salary or wages for any subsequent month or months within the period of four years from the date of this instrument from any person, firm, or corporation whomsoever for whom I may work, or so much of said sum or sums as may be required to satisfy said sum of $142.90, and attorney's fees and costs, if any."

This language does not describe anything having an actual or potential existence, nor is there anything in the language which tends to show that it was anticipated by the parties at the time said assignment was made that the particular wages in controversy would be earned by the appellee and these identical wages were intended to be assigned.

In the case of McDavid v. Phillips, 100 Tex. 73, 94 S. W. 1131, our Supreme Court, in passing upon the sufficiency of a crop mortgage which described the crop as follows:

212 S.W.—12

"It is agreed and understood that, if from any cause whatever I fail to cultivate the above [specifically] described lands, then this mortgage shall cover the land I do cultivate, until this mortgage is paid in full"

—says:

"That language neither discloses property in existence, which is a proper subject of contract, nor does it give any description by which the thing that was in contemplation of the contracting parties could be identified at that time. * * * The terms of this mortgage do not point out anything which the parties to it could at that time know to be the subject of that contract, nor was the crop which was sought to be subjected to the mortgage here the product of anything which was at the time of the making of the mortgage capable of being identified and in which the mortgagor had an interest."

We think what is said in the above quotation in regard to the mortgage under consideration applies to the assignment under which appellant claims.

[3] The case of Richardson v. Washington, 88 Tex. 339, 31 S. W. 614, also sustains the views above expressed. A mere expectancy or possibility is not assignable, and we have found no case in which an assignment of wages to be earned in the future has been sustained, unless the wages so assigned were to be earned under an existing engagement or employment of the grantor, or the future employment is known and identified at the time the assignment was made. When wages to be earned under an existing or known and identified employment are assigned, there may be a reasonable expectation on the part of the parties that such wages will be earned, and such possibility or expectancy being coupled with an interest, the thing assigned has a potential existence, and the assignment is valid. Lehigh Valley Ry. Co. v. Woodring, 116 Pa. 513, 9 Atl. 58; Edwards v. Peterson, 80 Me. 367, 14 Atl. 936, 6 Am. St. Rep. 207; Mallin v. Wenham, 209 Ill. 252, 70 N. E. 564, 65 L. R. A. 602, 101 Am. St. Rep. 233; Metcalf v. Kincaid, 87 Iowa, 443, 54 N. W. 867, 43 Am. St. Rep. 391; Manly v. Bitzer, 91 Ky. 596, 16 S. W. 464, 34 Am. St. Rep. 242.

We are of opinion that the judgment of the court below should be affirmed.

Affirmed.