(75 South. 975)

BUTLER COTTON OIL CO. v. COLLINS et al. (8 Div. 968.)

(Supreme Court of Alabama. May 10, 1917.)

1. CHATTEL MORTGAGES ⟨⟩124—MORTGAGE ON AFTER-GROWN CROPS—TITLE.

Where a mortgage on crops grown in 1915 was executed in 1914, the legal title never passed by virtue of the mortgage, but, at most, only the equitable right to subject the crops to payment of the debt secured.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 208, 209.]

2. BANKRUPTCY ⟨⟩433(5)—DISCHARGE—DEBT SECURED BY MORTGAGE.

Where the debt secured by a chattel mortgage on crops to be grown was a provable debt under Bankruptcy Act July 1, 1898, c. 541, § 17, 30 Stat. 550 (U. S. Comp. St. 1916, § 9601), the bankrupt was personally discharged therefrom.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 812.]

3. BANKRUPTCY ⟨⟩433(5)—DESTRUCTION OF MORTGAGE LIEN.

Where the only debt secured by a chattel mortgage on after-grown crops was a provable debt, the mortgagor, who became bankrupt, was personally discharged therefrom, and the lien of the mortgage did not continue to exist so as to attach to after-grown crops with the right of enforcement against them, since there was no enforceable debt or demand to support the mortgage lien when the crops came into existence, and the law will not allow a lien to attach to property acquired by a bankrupt after his discharge as security for a debt of which he was discharged.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 812.]

4. BANKRUPTCY ⟨⟩418(1) — DISCHARGE—REVIVOR OF DEBT.

Neither bankruptcy nor the discharge of the bankrupt necessarily pays or exinguishes his debt, even though it is a provable debt, but merely destroys the remedy for enforcing it, and the debt, though provable, may be revived by a promise to pay after discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 764, 765, 768–771.]

5. BANKRUPTCY ⟨⟩433(1)—ANNULMENT OF LIENS AND MORTGAGES.

All liens and mortgages are not annulled or avoided by bankruptcy or discharge, but only those coming within the provisions of Bankruptcy Act, § 17.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 808.]

6. BANKRUPTCY ⟨⟩433(5) — DISCHARGE—DESTRUCTION OF MORTGAGE LIEN.

If a chattel mortgagee had acquired a lien on after-grown crops covered by the mortgage, and the lien was in existence when the mortgagor was discharged a bankrupt, it was not destroyed or extinguished by the discharge, though no personal action could be maintained for the debt secured by the lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 812.]

7. LIENS ⟨⟩1—INCIDENTAL CHARACTER.

All liens are mere incidents to the debts secured.

[Ed. Note.—For other cases, see Liens, Cent. Dig. §§ 1, 4, 23.]

8. BANKRUPTCY ⟨⟩433(1) — LIMITATION OF ACTIONS ⟨⟩165—ENFORCEMENT AFTER ACTION ON DEBT IS BARRED.

Though courts of equity enforce liens after personal action to enforce the debt is barred, they will not enforce those which come into existence after such actions are barred by the bankrupt laws and the statute of limitations.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 808; Limitation of Actions, Cent. Dig. § 649.]

Appeal from Chancery Court, Marshall County; James E. Horton, Jr., Chancellor.

Suit by the Butler Cotton Oil Company against J. H. Collins and others. From a decree for respondents, complainant appeals. Affirmed.

Street & Bradford, of Guntersville, for appellant. A. E. Hawkins, of Albertville, for appellees.

MAYFIELD, J. [1] The bill is filed to foreclose a mortgage on crops grown upon the homestead of the respondent (appellee) Collins. The mortgage was executed in 1914, and the crops were grown in 1915; hence the legal title never passed by virtue of the mortgage, but, at most, only the equitable right to subject the crops to the payment of the debt secured by the mortgage.

On March 5, 1915, the mortgagor was adjudged a bankrupt, and was discharged before the filing of this bill to foreclose the mortgage.

The mortgage was to secure described debts then existing, as well as others to be created, and covered crops to be grown for successive years until the debts were all paid. There is no allegation that any debts were created or incurred or recognized after the discharge.

The homestead of the bankrupt was set apart to him as exempt, and was therefore not administered. The mortgagee did not prove its debt in the bankruptcy proceeding, and consequently has not been paid.

The chancellor sustained a demurrer to the bill, and it is frankly admitted by appellant that the sole question for decision is whether or not the bankruptcy and discharge of the bankrupt mortgagor discharged the debts so secured in such sort as to destroy the lien of the mortgage or to defeat the foreclosure thereof.

It is insisted by appellant that the only effect of the bankruptcy and discharge of the mortgagor was to take away the legal remedies for enforcing payment by personal judg-

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ments; that the debts are not thereby paid or discharged, nor the lien, and the right or remedy for enforcing it, destroyed.

Section 17 of the Bankruptcy Act provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (1) are due as a tax levied by the United States, the state, county, district, or municipality in which he resides; (2) are liabilities for obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for criminal conversation; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

See Collier on Bankr. (10th Ed.) p. 380.

[2, 3] The only debt secured by the mortgage in question was a provable debt, and the bankrupt was therefore personally discharged therefrom, and no property was then in existence to which the mortgage lien could apply. Did the lien continue to exist, so as to 'attach to property after acquired, with the right of enforcement against such property? We think not. If it did so continue in force, then a recorded judgment, with proper waiver of exemptions adjudged and recited therein, under our laws, would attach to all property thereafter acquired, and the bankruptcy law would be shorn of its chief good, if it have any such quality.

[4, 5] It is very true that bankruptcy nor the discharge of the bankrupt does not necessarily pay or extinguish the debt of the bankrupt even though it be a provable debt; it merely destroys the remedies for enforcing it. The debt, though provable, may be revived by a promise to pay after discharge; and, if so revived, payment thereof may be thereafter enforced. It is also true that all liens and mortgages are not annulled or avoided by bankruptcy or discharge, but only those which come within the provisions of the Bankruptcy Act. And the mortgage and lien in question are not included within the provisions of the act.

The authority mainly relied upon by appellant is a decision of the Supreme Court of Illinois, that of Mallin v. Wenham, 209 Ill. 252, 70 N. E. 564, 65 L. R. A. 602, s. c. 101 Am. St. Rep. 233, where the law on the subject is thus stated, with quotations from high authority:

"It is next insisted by appellant that because of bankruptcy proceedings had by him the assignment is unenforceable. This position, we think, is wrong. The only effect of a discharge in bankruptcy is to suspend the right of action for a debt against the debtor personally. It does not annul the original debt or liability of the debtor. In Bush v. Stanley, 122 Ill. 406, 416, 13 N. E. 249, 253, the court said: 'The discharge is analogous, in effect, to the statute of limitations, in so far as it does not annul the original debt, but merely suspends the right of

action for its recovery.' In Pease v. Ritchie, 132 Ill. 638, 646, 24 N. E. 433, 434 [8 L. R. A. 566], this court further said: 'It is no doubt true that appellant's discharge in bankruptcy operated as a bar to any action which might be brought to recover any debt or obligation existing at the time he was declared a bankrupt, and after-acquired property was exempted from being taken in satisfaction of any such debts. But if any creditor had a lien or an equitable claim, by mortgage or otherwise, upon any property of the bankrupt, such right or rights would remain unaffected by the proceedings in bankruptcy.'

"In the case of Edwards v. Peterson, 80 Me. 367, 14 Atl. 936, 6 Am. St. Rep. 207, an employé had given an assignment of his wages. Subsequently he filed a petition for discharge under the insolvent law of the state, and in its opinion the court there said: 'The rule laid down by Judge Story in Mitchell v. Winslow, 2 Story, 630, Fed. Cas. No. 9,673, seems to have been very generally held by all chancery courts in this country. He says: "It seems, to me a clear result of all the authorities that, wherever the parties, by their contract, intend to create a positive lien or charge, either upon real or personal property, whether then owned by the assignor or contractor or not, or if personal property, whether it is in esse or not, it attaches in equity as a lien or charge upon the particular property as soon as the assignor or contractor acquires a title thereto, against the latter and all persons asserting a claim thereto under him, either voluntarily or with notice in bankruptcy."' The language quoted above is also quoted with approval in the case of Gregg v. Sanford, 24 Ill. 17, 76 Am. Dec. 719." 101 Am. St. Rep. 237.

"In discussing the right of a creditor to maintain an action on a collateral agreement as security after the debt so secured has become barred by the statute of limitations, it was said in Shaw v. Silloway, 145 Mass. 503, 14 N. E. 783: 'If there is an actual pledge and the debt becomes barred, this does not give to the debtor a right to reclaim his pledged property. The debt is not extinguished—the statute only takes away the remedy. Hancock v. Franklin Ins. Co., 114 Mass. 156. In case of a mortgage of real or personal estate the security is not lost though the debt be barred. Thayer v. Mann, 19 Pick. (Mass.) 535. The rule is the same where there is a lien. Spears v. Hartly, 3 Esp. 81; Higgins v. Scott, 2 Barn. & Adol. 413; In re Bromhead, 16 L. J. Q. B. 355. And there appears to be no good reason why an independent collateral agreement, given by way of guaranty or other security, should not outlive the remedy upon the debt which it was given to secure, under proper circumstances.'" Id. 238.

The same doctrine has been followed by this court, as applying to debts barred by the statute of limitations; though not without dissent by some members of the court. See Bizzell v. Nix, 60 Ala. 281, 31 Am. Rep. 38, under this pertinent headnote:

"A vendor's equitable lien for the unpaid purchase money of land is not lost or destroyed because the statute of limitations has barred an action at law on the notes for the purchase money; and this principle applies where he has conveyed the land by absolute deed, taking no mortgage or other security, as well as where he has retained the title, and executed only a bond for title."

In all of these cases, however, the property had existence, and the lien had attached before the right of action on the debt was barred or cut off by the statutes or by adjudication of bankruptcy. Here this action

could not have been maintained when the bankrupt was discharged, because the property had no existence, actual or potential; it was, at most, a mere expectancy of possession in the future, and which, whatever might be its nature or character, could not have been enforced at any time prior to the discharge in bankruptcy. There was then no lien because there was nothing to which it could attach.

To allow the provable debts of the bankrupt to exist after his discharge, so as to be enforceable against all property he may subsequently acquire, would defeat the very purpose of the bankruptcy law. Debtors in the condition of this bankrupt (who had mortgaged all he should produce on his homestead), and those having recorded judgments against them, would practically get little, if any, relief against their provable debts.

[6] If the mortgagee in this case had acquired a lien on the property in question, and the lien was in existence when the bankrupt was discharged, we should hold that the lien was not destroyed or extinguished by such discharge, though no personal action could be maintained for the debt secured by the lien. We have shown, however, that no lien ever existed when there was an enforceable demand. The lien could not have been destroyed by the bankruptcy proceeding, because no lien then existed; at most, there was a mere expectancy or hope that one would arise or attach in the future, if the debt was not otherwise discharged.

[7] The true theory, we apprehend, is this: That an existing lien is not destroyed or rendered unenforceable merely because the legal remedies to recover the debt are barred; but the same rule does not hold good with reference to property acquired after all personal actions to enforce the debt are barred. When this lien sought to be enforced, attached, or came into existence (if it ever so attached or had existence, in law or in equity), there was no enforceable debt or demand to support it. All liens are mere incidents to the debts thereby secured.

Will the law allow a lien to attach to property acquired by a bankrupt after his discharge, as security for a debt of which he was by the law discharged? We think not, and so hold.

The appellant in part relies upon the decisions of this court holding that mortgages like the one in question create equitable interests or liens in property subsequently acquired, as unplanted crops, etc. This rule as to mortgages of unplanted crops is probably best stated by Brickell, C. J., in the case of Hurst & McWhorter v. Bell & Co., 72 Ala. 336, where it is said:

"It is true that unplanted crops, or other things not having an existence actual or potential, but the future acquisition of which is merely expected or contemplated, are not the subject of sale, assignment, or mortgage according to the common law. A different doctrine, however, prevails in a court of equity. The sale, or mortgage, or assignment does not pass the legal title to such property, unless, after it comes into existence, the vendor or mortgagor shall do some new act for the purpose of ratifying or carrying it into effect. Nevertheless it creates an equitable interest, attaching to the property when it is acquired, or when it comes into existence, that a court of equity will enforce and protect against all persons other than bona fide purchasers without notice."

[8] We must in this case deal with the status which existed when this equitable right could have attached. When it could have first attached, there was no enforceable debt or demand for it to secure. While courts of equity enforce liens after personal action to enforce the debt is barred, they will not enforce those which come into existence after such actions are barred. To do so would in effect defeat the bankrupt laws and the statute of limitations.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.